■ Rudie Lindsay, Respondent, v Pasternack Tilker Ziegler Walsh Stanton & Romano LLP, Formerly Known as Brecher, Fishman, Pasternack, Walsh, Tilker & Ziegler, P.C., Appellant. [12 NYS3d 124]—

In an action to recover damages for legal malpractice, the defendant appeals from an order of the Supreme Court, Kings County (Sweeney, J.), dated August 27, 2013, which denied its motion pursuant to CPLR 3211 (a) (1), (5) and (7) to dismiss the complaint.

Ordered that the order is affirmed, with costs.

On November 27, 2006, the plaintiff allegedly was driving his employer's bus when he collided with another vehicle. Shortly thereafter, the plaintiff retained the defendant, a law firm, to represent him in connection with the motor vehicle accident. According to the defendant, in April 2007, it decided not to prosecute a personal injury action on the plaintiff's behalf and advised the plaintiff of this fact by letter dated June 8, 2007, while continuing to represent the plaintiff with respect to a workers' compensation claim. On or about October 21, 2010, the plaintiff discharged the defendant and hired a new attorney. In November 2012, the plaintiff commenced this action against the defendant to recover damages for legal malpractice. The plaintiff alleged that the defendant failed to commence a personal injury action on his behalf against the owner and operator of the other vehicle involved in the motor vehicle accident before the statute of limitations expired.

The defendant made a pre-answer motion to dismiss the complaint as time-barred, for failure to state a cause of action, and based upon documentary evidence. The defendant contended that it did not represent the plaintiff with respect to the personal injury action, based upon assertions that an attorney formerly with the defendant orally informed the plaintiff that "a personal injury action was not feasible" and thereafter sent the letter dated June 8, 2007, to the plaintiff by regular and certified mail. In support of the motion, the defendant submitted a copy of the letter and a blank certified mail receipt.

In opposition, the plaintiff's attorney noted that the defendant did not submit an affidavit or affirmation from the attorney who allegedly mailed the letter dated June 8, 2007. The attorney further noted that the certified mail receipt was blank, and no return receipt was submitted. The plaintiff also submitted a personal affidavit wherein he stated that he retained the defendant for both his workers' compensation claim and his personal injury claim, he was never informed that the defendant would not represent him in a personal injury action, and he never received the letter dated June 8, 2007.

In a reply affidavit, the attorney who allegedly mailed the letter dated June 8, 2007, who was now working at another law firm, stated that she "specifically advised" the plaintiff in a telephone conversation that "a personal injury action was not feasible" and as a result, the defendant "would not be representing him in a personal injury action." She further stated that she sent the letter dated June 8, 2007, to the plaintiff via regular mail and certified mail.

The Supreme Court denied the defendant's motion, and we affirm.

The Supreme Court properly denied that branch of the defendant's motion which was pursuant to CPLR 3211 (a) (5) to dismiss the complaint as time-barred. When moving to dismiss an action pursuant to CPLR 3211 (a) (5), the defendant bears the initial burden of establishing, prima facie, that the time in which to sue has expired (*see Landow v Snow Becker Krauss, P.C.*, 111 AD3d 795, 796 [2013]; *Tsafatinos v Wilson Elser Moskowitz Edelman & Dicker, LLP*, 75 AD3d 546, 546 [2010]). The statute of limitations for a legal malpractice cause of action is three years (see CPLR 214 [6]). This legal malpractice action accrued when the statute of limitations for the underlying personal injury action expired (*see Davis v Isaacson, Robustelli, Fox, Fine, Greco & Fogelgaren*, 258 AD2d 321, 321 [1999]; *Goicoechea v Law Offs. of Stephen R. Kihl*, 234 AD2d 507, 508 [1996]). Here, the plaintiff's underlying personal injury action accrued on November 27, 2006, when the accident occurred, and the statute of limitations expired three years later, on November 27, 2009 (*see* CPLR 214 [5]). Thus, this legal malpractice action accrued on November 27, 2009, and the statute of limitations expired three years later, on November 27, 2012. This action was commenced on November 15, 2012. Therefore, this action was not time-barred.

The Supreme Court also properly denied that branch of the defendant's motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (1). The evidence submitted by the defendant, consisting of the June 8, 2007, letter, the blank certified mail receipt, and the affidavit of its former attorney, did not constitute documentary evidence (*see 25-01 Newkirk Ave., LLC v Everest Natl. Ins. Co.*, 127 AD3d 850 [2015]; *Attias v Costiera*, 120 AD3d 1281, 1282-1283 [2014]).

Further, the Supreme Court properly denied that branch of the defendant's motion which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint. The gravamen of the defendant's defense is that there was no attorney-client relationship between it and the plaintiff when the statute of limitations for the underlying personal injury action expired. The elements of a cause of action sounding in legal malpractice include the existence of an attorney-client relationship between the plaintiff and the defendant (*see Terio v Spodek*, 63 AD3d 719, 721 [2009]). "On a pre-answer motion to dismiss pursuant to CPLR 3211, the pleading is to be afforded a liberal construction and the plaintiff's allegations are accepted as true and accorded the benefit of every possible favorable inference" (*Barker v Amorini*, 121 AD3d 823, 824 [2014] [internal quotation marks and citation omitted]). Here, it is undisputed that the defend-

ant was retained by the plaintiff to handle claims with respect to the automobile accident. Accepting the plaintiff's statements of fact as true, the complaint states a cause of action for legal malpractice against the defendant.

Where evidentiary materials are considered in support of a motion pursuant to CPLR 3211 (a) (7), "the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one and, unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate" (*Agai v Liberty Mut. Agency Corp.*, 118 AD3d 830, 832 [2014]; *see Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]). Here, the evidence submitted by the defendant failed to establish that the plaintiff has no cause of action. The evidence did not show that the letter dated June 8, 2007, was sent by certified mail return receipt requested, since the certified mail receipt was never filled out and there was no return receipt submitted. With respect to regular mail, "[t]he mere assertion that notice was mailed, supported by someone with no personal knowledge of the mailing," in the absence of proof of office practices to ensure that the item was properly mailed, does not give rise to the presumption of receipt (*Washington v St. Paul Surplus Lines Ins. Co.*, 200 AD2d 617, 618 [1994]; *see Nassau Ins. Co. v Murray*, 46 NY2d 828, 829 [1978]; *TD Bank, N.A. v Leroy*, 121 AD3d 1256, 1258 [2014]; *Long Is. Sports Dome v Chubb Custom Ins. Co.*, 23 AD3d 441, 442 [2005]). CPLR 2103 (f) (1) defines mailing as "the deposit of a paper enclosed in a first class postpaid wrapper, addressed to the address designated by a person for that purpose or, if none is designated, at that person's last known address, in a post office or official depository under the exclusive care and custody of the United States Postal Service within the state." Here, while the defendant's former attorney averred that she "sent" the letter dated June 8, 2007, by regular mail, she did not state that she deposited the letter in a United States Post Office depository. Since the defendant's evidence failed to establish that a material fact as claimed by the plaintiff, namely, the existence of an attorney-client relationship, was "not a fact at all" and that "no significant dispute exists regarding it" (*Guggenheimer v Ginzburg*, 43 NY2d at 275), the Supreme Court properly denied that branch of the defendant's motion which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint. Leventhal, J.P., Chambers, Roman and Hinds-Radix, JJ., concur.