■ CITIMORTGAGE, INC., Successor by Merger to CITIFINANCIAL MORTGAGE COMPANY, INC., 1000 Technology Drive, O'Fallon, MO 63368-2240, Appellant, v EVA PAPPAS, Respondent, et al., Defendant. [47 NYS3d 415]—

In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Spinner, J.), dated February 27, 2015, which denied its motion, inter alia, for summary judgment on the complaint and granted the cross motion of the defendant Eva Pappas for summary judgment dismissing the complaint insofar as asserted against her.

Ordered that the order is affirmed, with costs.

In 2011, the plaintiff commenced this mortgage foreclosure action against, among others, the defendant Eva Pappas (hereinafter the defendant). In its complaint, the plaintiff alleged, among other things, that, upon information and belief, it complied with RPAPL 1304. The defendant timely interposed an answer denying the material allegations in the complaint and asserting affirmative defenses, including that the plaintiff failed to serve a proper notice pursuant to RPAPL 1304. The plaintiff moved, inter alia, for summary judgment on the complaint and for an order of reference. The defendant cross-moved for summary judgment dismissing the complaint insofar as asserted against her, arguing, inter alia, that the plaintiff failed to comply with RPAPL 1304. The Supreme Court denied the plaintiff's motion and granted the defendant's cross motion. The plaintiff appeals.

The Supreme Court properly determined that the plaintiff failed to establish, prima facie, that it strictly complied with the 90-day notice required by RPAPL 1304. In support of its motion, the plaintiff relied upon the affidavit of Adam Gantner, a "Business Operations Analyst" employed by the plaintiff, and certain business records attached thereto. Gantner averred that he had personal knowledge of the facts contained in his affidavit by reason of his familiarity with "certain" practices and procedures of the plaintiff, in particular "certain systems of record" utilized by the plaintiff to maintain, record, and create information related to the residential mortgage loans that

the plaintiff services, and "the process by which employees of [the plaintiff] enter information in those systems." Referring to certain records, Gantner averred that on September 8, 2010, the plaintiff mailed to the defendant, by first-class and certified mail, a notice pursuant to RPAPL 1304. A copy of the RPAPL 1304 notice was attached to Gantner's affidavit, and an attached computer record shows entries relating to "NEW YORK 90 DAY NOTICE CERT—9/08/10" and "NEW YORK 90 DAY NOTICE REG MAIL—9/08/10."

"[P]roper service of RPAPL 1304 notice on the borrower or borrowers is a condition precedent to the commencement of a foreclosure action, and the plaintiff has the burden of establishing satisfaction of this condition" (*Aurora Loan Servs., LLC v Weisblum*, 85 AD3d 95, 106 [2011]; *see Deutsche Bank Natl. Trust Co. v Spanos*, 102 AD3d 909, 910 [2013]). The statute requires that such notice be sent by registered or certified mail, and also by first-class mail, to the last known address of the borrower (*see* RPAPL 1304 [2]). By requiring the lender or mortgage loan servicer to send the RPAPL 1304 notice by registered or certified mail and also by first-class mail, the legislature implicitly provided the means for the plaintiff to demonstrate its compliance with the statute, i.e., by submission of the proof of mailing by the post office.

Here, the plaintiff failed to submit an affidavit of service (*see Bank of N.Y. Mellon v Aquino*, 131 AD3d 1186, 1186 [2015]; *Deutsche Bank Natl. Trust Co. v Spanos*, 102 AD3d at 910) or proof of mailing by the post office, evincing that it properly served the defendant pursuant to RPAPL 1304. Contrary to the plaintiff's contention, Gantner's affidavit and attached business records were not sufficient to establish that the notices were sent to the defendant in the manner required by RPAPL 1304. While mailing may be proved by documents meeting the requirements of the business records exception to the rule against hearsay under CPLR 4518 (*see Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co.*, 25 NY3d 498, 508 [2015]; *Lindsay v Pasternack Tilker Ziegler Walsh Stanton & Romano LLP*, 129 AD3d 790, 793 [2015]; *Nocella v Fort Dearborn Life Ins. Co. of N.Y.*, 99 AD3d 877 [2012]), here, Gantner did not aver that he was familiar with the plaintiff's mailing practices and procedures, and therefore did not establish proof of a standard office practice and procedure designed to ensure that items are properly addressed and mailed (*see Lindsay v Pasternack Tilker Ziegler Walsh Stanton & Romano LLP*, 129 AD3d at 793; *Nocella v Fort Dearborn Life Ins. Co. of N.Y.*, 99 AD3d 877 [2012]). Therefore, Gantner's unsubstantiated and

conclusory statements were insufficient to establish that the 90-day notice required by RPAPL 1304 was mailed to the defendant by first-class and certified mail (*see Cenlar, FSB v Weisz*, 136 AD3d 855, 856 [2016]; *cf. Flagstar Bank, FSB v Mendoza*, 139 AD3d 898, 900 [2016]; *Citimortgage, Inc. v Espinal*, 134 AD3d 876, 878 [2015]). Accordingly, the Supreme Court properly denied the plaintiff's motion for summary judgment.

On her cross motion, the defendant established her prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against her by relying upon the same evidence, further supported by her own affidavit attesting that she did not receive any RPAPL 1304 notice (*see Aurora Loan Servs., LLC v Weisblum*, 85 AD3d at 106). The plaintiff did not rebut this showing, and thus, the Supreme Court properly granted the defendant's cross motion.

In light of our determination, we need not reach the parties' remaining contentions. Leventhal, J.P., Sgroi, LaSalle and Barros, JJ., concur.