■ CITIBANK, N.A., as Trustee for GSAA HOME EQUITY TRUST 2007-10, Respondent, v JOSEPH WOOD, Appellant, et al., Defendants. [55 NYS3d 109]—

In an action to foreclose a mortgage, the defendant Joseph Wood appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Martin, J.), dated June 30, 2014, as granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against him and for an order of reference.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Joseph Wood and for an order of reference are denied.

The plaintiff commenced this action against the appellant, among others, to foreclose a mortgage on property owned by the appellant. The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the appellant, and for an order of reference. The appellant opposed the motion on the ground, among others, that the plaintiff

failed to comply with RPAPL 1304. By order dated June 30, 2014, the Supreme Court granted the plaintiff's motion. We reverse the order insofar as appealed from.

RPAPL 1304 provides that, "at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower . . . including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower" (RPAPL 1304 [1]). The statute further sets forth the requirements for the contents of the notice (*see id.*), and provides that such notice must be sent to the borrower by registered or certified mail and by first-class mail to the last known address of the borrower (*see* RPAPL 1304 [2]). "[P]roper service of RPAPL 1304 notice on the borrower or borrowers is a condition precedent to the commencement of a foreclosure action, and the plaintiff has the burden of establishing satisfaction of this condition" (*Aurora Loan Servs., LLC v Weisblum*, 85 AD3d 95, 106 [2011]; *see Flagstar Bank, FSB v Damaro*, 145 AD3d 858, 860 [2016]; *Flushing Sav. Bank v Latham*, 139 AD3d 663, 665 [2016]; *Deutsche Bank Natl. Trust Co. v Spanos*, 102 AD3d 909, 910 [2013]).

Here, contrary to the Supreme Court's determination, the plaintiff failed to establish, prima facie, that it complied with RPAPL 1304. The plaintiff failed to submit an affidavit of service or any proof of mailing by the post office demonstrating that it properly served the appellant pursuant to the terms of the statute (*see e.g. Aurora Loan Servs., LLC v Weisblum*, 85 AD3d at 106). Contrary to the plaintiff's contention, the affidavit of a vice president for loan documentation of the loan servicer, which referenced purported tracking numbers stamped on the notice, was insufficient to establish that the notice was sent to the appellant in the manner required by RPAPL 1304, as the loan servicer did not provide proof of a standard office mailing procedure and provided no independent proof of the actual mailing (*see CitiMortgage, Inc. v Pappas*, 147 AD3d 900 [2017]; *JPMorgan Chase Bank, N.A. v Kutch*, 142 AD3d 536, 537 [2016]; *cf. Flagstar Bank, FSB v Mendoza*, 139 AD3d 898, 900 [2016]).

Since the plaintiff failed to establish, prima facie, that it complied with the requirements of RPAPL 1304, the Supreme Court should have denied those branches of its motion which were for summary judgment on the complaint insofar as asserted against the appellant and for an order of reference, regardless of the sufficiency of the opposing papers (*see CitiMortgage, Inc. v Pappas*, 147 AD3d 900 [2017]; *Flagstar Bank, FSB v Damaro*, 145 AD3d at 860; *Hudson City Sav. Bank*

*v DePasquale*, 113 AD3d 595, 596 [2014]; *Aurora Loan Servs., LLC v Weisblum*, 85 AD3d at 106-107; *First Natl. Bank of Chicago v Silver*, 73 AD3d 162, 170 [2010]).

In view of the foregoing, we do not reach the parties' remaining contentions. Mastro, J.P., Leventhal, Hall and Sgroi, JJ., concur. ■