■ WELLS FARGO BANK, N.A., Respondent, v ADAM LEWCZUK et al., Appellants, et al., Defendants. [61 NYS3d 244]—

Appeal from an order of the Supreme Court, Queens County (Allan B. Weiss, J.), dated May 26, 2015. The order, insofar as appealed from, upon a decision of that court dated December 1, 2014, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Adam Lewczuk and Edyta Lewczuk and for an order of reference.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Adam Lewczuk and Edyta Lewczuk and for an order of reference are denied.

On May 6, 2002, Adam Lewczuk and Edyta Lewczuk (hereinafter together the defendants) executed a note in the sum of $376,950 in favor of IndyMac Bank, FSB (hereinafter IndyMac), which was secured by a mortgage on residential property located in Queens (hereinafter the premises). By written assignment dated May 20, 2003, IndyMac assigned the mortgage to Mortgage Electronic Registration Systems, Inc. (hereinafter MERS), as nominee for BNY Mortgage Company, LLC (hereinafter BNY). On June 20, 2003, the defendants executed a second note in the sum of $39,635 in favor of BNY, secured by a second mortgage on the premises. Also on June 20, 2003, the defendants executed a "Consolidation, Extension and Modification Agreement" (hereinafter CEMA), pursuant to which the two mortgage loan balances were consolidated into a single lien in the sum of $413,000. Annexed to the CEMA were a consolidated note and a consolidated mortgage. On November 18, 2010, MERS, as nominee for BNY, assigned the consolidated mortgage to Wells Fargo Bank, N.A. (hereinafter the plaintiff).

On December 1, 2010, the plaintiff commenced this action to foreclose the mortgage against the defendants, among others. The defendants served an answer in which they asserted as affirmative defenses, inter alia, that the plaintiff lacked standing and that the plaintiff failed to comply with RPAPL 1304. In May 2014, the plaintiff moved, among other things, for summary judgment on the complaint and for an order of reference. In an order dated May 26, 2015, the Supreme Court, inter alia, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference. The de-

fendants appeal from the order. We reverse the order insofar as appealed from.

Contrary to the defendants' contention, the Supreme Court properly determined that the plaintiff had standing to commence this action. Where, as here, the plaintiff's standing is placed in issue by a defendant, the plaintiff must prove its standing as part of its prima facie showing (*see JPMorgan Chase Bank, N.A. v Weinberger*, 142 AD3d 643, 644 [2016]; *U.S. Bank, N.A. v Collymore*, 68 AD3d 752, 753 [2009]). A plaintiff establishes its standing in a mortgage foreclosure action where it is the holder or assignee of the underlying note at the time the action is commenced (*see Aurora Loan Servs., LLC v Taylor*, 25 NY3d 355, 361 [2015]; *Deutsche Bank Natl. Trust Co. v Brewton*, 142 AD3d 683, 684 [2016]). "Either a written assignment of the underlying note or the physical delivery of the note . . . is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (*U.S. Bank, N.A. v Collymore*, 68 AD3d at 754; *see JPMorgan Chase Bank, N.A. v Weinberger*, 142 AD3d at 644-645; *Deutsche Bank Natl. Trust Co. v Weiss*, 133 AD3d 704, 705 [2015]; *Kondaur Capital Corp. v McCary*, 115 AD3d 649, 650 [2014]).

Here, the plaintiff established, prima facie, that it had standing to commence the action by submitting the affidavit of its vice president, who averred that the plaintiff was the holder of the consolidated note and the consolidated mortgage at the time of commencement of the action, along with a copy of the consolidated note containing an endorsement from BNY, the originator of the consolidated note, to Alliance Mortgage Company (hereinafter Alliance), and an endorsement in blank from Alliance (*see Citimortgage, Inc. v Klein*, 140 AD3d 913, 915 [2016]; *JPMorgan Chase Bank, N.A. v Mantle*, 134 AD3d 903, 904 [2015]; *Mortgage Elec. Registration Sys., Inc. v Coakley*, 41 AD3d 674, 674 [2007]). In opposition to the plaintiff's prima facie showing, the defendants failed to raise a triable issue of fact.

RPAPL 1304 (1), which applies to home loans, provides that "at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower, . . . including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower." The statute sets forth the requirements for the content of such notice (*see id.*), and provides that such notice must be sent by registered or certified mail and by first-class mail to the last known address of the borrower and to the subject residence (*see* RPAPL 1304 [2]). "[P]roper service of RPAPL 1304 notice

on the borrower or borrowers is a condition precedent to the commencement of a foreclosure action, and the plaintiff has the burden of establishing satisfaction of this condition" (*Aurora Loan Servs., LLC v Weisblum*, 85 AD3d 95, 106 [2011]; *see Citibank, N.A. v Wood*, 150 AD3d 813, 814 [2017]; *Flagstar Bank, FSB v Damaro*, 145 AD3d 858, 860 [2016]).

Here, the plaintiff failed to demonstrate, prima facie, its strict compliance with RPAPL 1304 (*see Wells Fargo Bank, N.A. v Trupia*, 150 AD3d 1049 [2017]). In support of its motion, the plaintiff submitted, inter alia, the affidavit of Rodolfo Arias, its vice president of loan documentation, along with a copy of a 90-day notice to the defendants dated May 9, 2010, and Proof of Filing Statements from the New York State Department of Financial Services, demonstrating that the plaintiff filed the information required by RPAPL 1306. Arias stated in his affidavit that the letter dated May 9, 2010, was forwarded to the defendants "by regular and certified mail," and annexed to his affidavit a copy of the letter. The letter contained a bar code with a 20-digit number below it, but no language indicating that a mailing was done by first-class or certified mail, or even that a mailing was done by the U.S. Postal Service (*see Wells Fargo Bank, N.A. v Trupia*, 150 AD3d 1049 [2017]). While mailing may be proved by documents meeting the requirements of the business records exception to the rule against hearsay, Arias did not make the requisite showing that he was "familiar with the plaintiff's mailing practices and procedures, and therefore did not establish proof of a standard office practice and procedure designed to ensure that items are properly addressed and mailed" (*id*. at 1050-1051; *see Citibank, N.A. v Wood*, 150 AD3d 813 [2017]; *CitiMortgage, Inc. v Pappas*, 147 AD3d 900, 901 [2017]). The plaintiff's submission of the Proof of Filing Statements pursuant to RPAPL 1306 was also unavailing. While the statements constituted some proof that a mailing was done, they contained no information indicating that the mailing was done by both registered or certified mail and first-class mail in accordance with RPAPL 1304.

Since the plaintiff failed to establish, prima facie, that it strictly complied with the requirements of RPAPL 1304, the Supreme Court should have denied those branches of its motion which were for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference, regardless of the sufficiency of the opposing papers (*see Wells Fargo Bank, N.A. v Trupia*, 150 AD3d 1049 [2017]; *Citibank, N.A. v Wood*, 150 AD3d at 814). Rivera, J.P., Leventhal, Austin and Christopher, JJ., concur.