Barros, J., dissents, and votes to reverse the order insofar as appealed from, on the law, with costs, deny those branches of the plaintiff’s motion which were for summary judgment on the complaint insofar as asserted against the defendant Hasan Ozcan, also known as H. Ozcan, and grant that defendant’s cross motion for summary judgment dismissing the complaint insofar as asserted against him, with the following memorandum: The plaintiff improperly raises for the first time on appeal its contention that compliance with RPAPL 1304 was not required because the subject mortgage loan was not a “home loan” within the meaning of the statute (RPAPL 1304 [6]). Thus, the contention is not properly before this Court (see PHH Mtge. Corp. v Celestin, 130 AD3d 703, 704 [2015]; Federal Natl. Mtge. Assn. v Cappelli, 120 AD3d 621, 622 [2014]; Mortgage Elec. Registration Sys., Inc. v Korolizky, 100 AD3d 605, 606 [2012]). Further, this contention does not fall within the exception permitting review of pure questions of law appearing on the face of the record which could not have been avoided if raised at the proper juncture (see Matter of Matarrese v New York City Health & Hosps. Corp., 247 AD2d 475, 476 [1998]; see also KPSD Mineola, Inc. v Jahn, 57 AD3d 853, 854 [2008]; Lischinskaya v Carnival Corp., 56 AD3d 116, 121 [2008]). Contrary to the majority’s determination, for this exception to the preservation requirement to apply, it is not enough that the unpreserved issue merely involve a question of law, but, rather, the unpreserved issue must be one of pure law, that is, it must not raise any issues of fact (see NYU Hosp. for Joint Diseases v Country Wide Ins. Co., 84 AD3d 1043, 1044 [2011] [“pure question of law”]; Chambers v Old Stone Hill Rd. Assoc., 303 AD2d 536, 538 [2003] [“Although the doctrine of preservation generally precludes appellate review of matters that are raised for the first time on appeal, it is well settled that pure questions of law or statutory interpretation may be considered because their resolution does not hinge on the record evidence”], affd 1 NY3d 424 [2004]; Matter of Matarrese v New York City Health & Hosps. Corp., 247 AD2d at 476 [“In light of the numerous factual issues . . . , the critical issue at bar is not purely one of law, and thus it may not be raised for the first time on appeal”]). As illustrated by the majority’s decision, the issue of whether the subject mortgage loan constitutes a “home loan” within the meaning of RPAPL 1304 involves questions of fact, including whether the mortgaged property was “used or occupied, or intended to be used or occupied wholly or partly, as the home or residence of one or more persons and which is or will be occupied by the borrower as the borrower’s principal dwelling” (RPAPL 1304 [6] [a] [iii]). Had the plaintiff properly raised this contention in the Supreme Court, the defendant Hasan Ozcan, also known as H. Ozcan (hereinafter the defendant), would have had the opportunity to submit evidence in opposition rebutting the plaintiff’s contention now improperly raised for the first time on appeal (see Bingham v New York City Tr. Auth., 99 NY2d 355 [2003]; Lischinskaya v Carnival Corp., 56 AD3d at 120-121 [“Since such an argument potentially presents factual issues that (the defendant) was prevented from addressing by the plaintiff’s failure to raise the argument before the Supreme Court, we decline to address the argument for the first time on appeal”]). Further, the plaintiff failed to submit evidence sufficient to establish, prima facie, compliance with the statutory provisions of RPAPL 1304. “[P] roper service of RPAPL 1304 notice on the borrower . . . is a condition precedent to the commencement of a foreclosure action, and the plaintiff has the burden of establishing satisfaction with this condition” (Aurora Loan Servs., LLC v Weisblum, 85 AD3d 95, 106 [2011]). The statute requires the lender or mortgage loan servicer to send the RPAPL 1304 notice to the borrower “by registered or certified mail and also by first-class mail” (RPAPL 1304 [2]). With both registered and certified mail, the United States Postal Service (hereinafter USPS) provides the sender with a mailing receipt as proof of mailing at the time of mailing and, upon request, an electronic record of the date and time of delivery or attempted delivery (see United States Postal Service, Mailing Standards of the United States Postal Service Domestic Mail Manual, https://pe.usps.com/DMM300). With first-class mail, the USPS, upon request and payment of a fee, provides the sender with a certificate of mailing as evidence of mailing (id,.). Therefore, by requiring the lender or mortgage loan servicer to send the RPAPL 1304 notice by registered or certified mail and also by first-class mail, the legislature provided the means for the plaintiff to demonstrate its compliance with the statute, i.e., by submitting the proof of mailing issued by the USPS (see CitiMortgage, Inc. v Pappas, 147 AD3d 900, 901 [2017]). In the absence of such postal proof, the plaintiff may also prove its compliance with RPAPL 1304 by submission of documents meeting the requirements of the business records exception to the rule against hearsay under CPLR 4518 (see CitiMortgage, Inc. v Pappas, 147 AD3d at 901; see also Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co., 25 NY3d 498, 508 [2015]; Lindsay v Pasternack Tilker Ziegler Walsh Stanton & Romano LLP, 129 AD3d 790, 793 [2015]). In this regard, the plaintiff must submit, inter alia, “proof of a standard office practice and procedure designed to ensure that items are properly addressed and mailed” (CitiMortgage, Inc. v Pappas, 147 AD3d at 901; see Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co., 25 NY3d at 508; Lindsay v Pasternack Tilker Ziegler Walsh Stanton & Romano LLP, 129 AD3d at 793; Nocella v Fort Dearborn Life Ins. Co. of N.Y., 99 AD3d 877 [2012]). In support of its motion, the plaintiff failed to submit an affidavit of service or any proof of mailing issued by the USPS demonstrating that it properly served the defendant in accordance with RPAPL 1304 (see Citibank, N.A. v Wood, 150 AD3d 813, 814 [2017]; CitiMortgage, Inc. v Pappas, 147 AD3d at 901). Contrary to the majority’s conclusion, the affidavit of Andrea Kruse, a vice president for loan documentation of the loan servicer, which referenced barcode numbers appearing on copies of the RPAPL 1304 notices, was insufficient to establish that the notices were sent to the defendant in the manner required by RPAPL 1304, as Kruse did not establish proof of a standard office mailing procedure and provided no independent proof of the actual mailing (see Citibank, N.A. v Wood, 150 AD3d at 814; CitiMortgage, Inc. v Pappas, 147 AD3d at 901; JPMorgan Chase Bank, N.A. v Kutch, 142 AD3d 536, 537 [2016]; cf. Flagstar Bank, FSB v Mendoza, 139 AD3d 898, 900 [2016]). While Kruse referred to the loan servicer’s “practice at the time” of mailing a copy of the notice with the 20-digit barcode to the defendants by certified mail, and the copy of the notice with the 10-digit barcode to the defendants by first-class mail, she did not explain, inter alia, whether the barcode was assigned before or after the mailing, such that an inference may be drawn that, by reason of the appearance of the barcode on the notices, the items were actually mailed. More significantly, she provided no information regarding the loan servicer’s mailing procedures. Her mere reference to a “practice at the time” is not “proof of a standard office practice and procedure designed to ensure that items are properly addressed and mailed” (CitiMortgage, Inc. v Pappas, 147 AD3d at 901; see Lindsay v Pasternack Tilker Ziegler Walsh Stanton & Romano LLP, 129 AD3d at 793; Nocella v Fort Dearborn Life Ins. Co. of N.Y., 99 AD3d 877 [2012]). Since the plaintiff failed to establish, prima facie, that it strictly complied with RPAPL 1304, the Supreme Court should have denied those branches of the plaintiff’s motion which were for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference (see Citibank, N.A. v Wood, 150 AD3d at 814; CitiMortgage, Inc. v Pappas, 147 AD3d at 901; Cenlar, FSB v Weisz, 136 AD3d 855, 856 [2016]; Bank of N.Y. Mellon v Aquino, 131 AD3d 1186, 1186-1187 [2015]; Deutsche Bank Natl. Trust Co. v Spanos, 102 AD3d 909, 910 [2013]; Aurora Loan Servs., LLC v Weisblum, 85 AD3d at 106). On his cross motion, the defendant established his entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against him by submitting his own affidavit denying receipt of the RPAPL 1304 notices (see Aurora Loan Servs., LLC v Weisblum, 85 AD3d at 106 [the defendants established their prima facie entitlement to summary judgment dismissing the complaint by relying upon the plaintiff’s “same evidence, further supported by their personal affidavits” attesting that they did not receive RPAPL 1304 notice in accordance with the statute]). For the reasons stated above, the plaintiff did not rebut the defendant’s affidavit by raising a triable issue of fact as to whether it properly mailed the RPAPL 1304 notices and, thus, the defendant’s cross motion should have been granted (see id.). Accordingly, I vote to reverse the order insofar as appealed from, deny those branches of the plaintiff’s motion which were for summary judgment on the complaint insofar as asserted against the defendant, and grant the defendant’s cross motion for summary judgment dismissing the complaint insofar as asserted against him.