U.S. Bank N.A. v Henry (2018 NY Slip Op 00326)





U.S. Bank N.A. v Henry


2018 NY Slip Op 00326


Decided on January 17, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 17, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JEFFREY A. COHEN
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2015-11217
2015-11218
 (Index No. 12556/13)

[*1]U.S. Bank National Association, etc., respondent,
v
Miguel Henry, etc., appellant, et al., defendants.


Harvey Sorid, Uniondale, NY, for appellant.
Hogan Lovells US, LLP, New York, NY (Suzanne Novak of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Miguel Henry appeals, as limited by his brief, from (1) so much of an order of the Supreme Court, Nassau County (Adams, J.), entered August 6, 2015, as, in effect, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against him, to strike his answer, and for an order of reference, and (2) so much of an order of the same court entered August 7, 2015, as, in effect, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against him, to strike his answer, and for an order of reference, and denied his cross motion for summary judgment dismissing the complaint insofar as asserted against him.
ORDERED that the appeal from so much of the order entered August 6, 2015, as, in effect, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Miguel Henry, to strike his answer, and for an order of reference, is dismissed, as those portions of that order were superseded by the order entered August 7, 2015; and it is further,
ORDERED that the order entered August 7, 2015, is reversed insofar as appealed from, on the law, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Miguel Henry, to strike his answer, and for an order of reference are denied, and that defendant's cross motion for summary judgment dismissing the complaint insofar as asserted against him is granted; and it is further,
ORDERED that one bill of costs is awarded to the appellant.
In November 2005, the defendant Miguel Henry (hereinafter the defendant) executed a note secured by a mortgage on residential property located in East Meadow, Nassau County. In September 2008, the defendant entered into a loan modification agreement, in which he agreed to amend and supplement the note and mortgage, and to establish a new principal balance. In October 2013, the plaintiff commenced this mortgage foreclosure action against the defendant and others, alleging in its complaint that the defendant defaulted on his mortgage obligations and that it [*2]complied with RPAPL 1304. In his answer, the defendant asserted several affirmative defenses, including that the plaintiff lacked standing and failed to comply with RPAPL 1304. The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike his answer, and for an order of reference. The defendant cross-moved for summary judgment dismissing the complaint insofar as asserted against him. In an order entered August 7, 2015, the Supreme Court granted the plaintiff's motion and denied the defendant's cross motion.
The defendant appeals.
"Generally, in moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie case through the production of the mortgage, the unpaid note, and evidence of default" (U.S. Bank N.A. v Sabloff, 153 AD3d 879, 880 [internal quotation marks omitted]; see Bank of Am., N.A. v DeNardo, 151 AD3d 1008). Where, as here, the plaintiff's standing is placed in issue by a defendant, the plaintiff must prove its standing as part of its prima facie showing (see Wells Fargo Bank, N.A. v Lewczuk, 153 AD3d 890; U.S. Bank, N.A. v Collymore, 68 AD3d 752, 753). A plaintiff establishes its standing in a mortgage foreclosure action where it is the holder or assignee of the underlying note at the time the action is commenced (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361; Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d 683, 684). "Either a written assignment of the underlying note or the physical delivery of the note . . . is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (U.S. Bank, N.A. v Collymore, 68 AD3d at 754; see Deutsche Bank Natl. Trust Co. v Weiss, 133 AD3d 704, 705; Kondaur Capital Corp. v McCary, 115 AD3d 649, 650).
Here, the plaintiff demonstrated, prima facie, that it was a holder of the note at the time the action was commenced, as evidenced by its attachment of the note, endorsed in blank, to the summons and complaint at the time the action was commenced (see U.S. Bank N.A. v Sabloff, 153 AD3d 879; Deutsche Bank Natl. Trust Co. v Carlin, 152 AD3d 491; Wells Fargo Bank, N.A. v Thomas, 150 AD3d 1312; Deutsche Bank Natl. Trust Co. v Logan, 146 AD3d 861; Nationstar Mtge., LLC v Weisblum, 143 AD3d 866; JPMorgan Chase Bank, N.A. v Weinberger, 142 AD3d 643; cf. Deutsche Bank Natl. Trust Co. v Webster, 142 AD3d 636). Contrary to the defendant's contention, there is no requirement that an entity in possession of a negotiable instrument that has been endorsed in blank must establish how it came into possession of the instrument in order to be able to enforce it (see Deutsche Bank Natl. Trust Co. v Carlin, 152 AD3d at 493; Wells Fargo Bank, N.A. v Thomas, 150 AD3d at 1313; JPMorgan Chase Bank, N.A. v Weinberger, 142 AD3d at 645; UCC 3-204[2]). Further, where the note is affixed to the complaint, "it is unnecessary to give factual details of the delivery in order to establish that possession was obtained prior to a particular date" (JPMorgan Chase Bank, N.A. v Weinberger, 142 AD3d at 645; see Aurora Loan Servs., LLC v Taylor, 25 NY3d at 362; Wells Fargo Bank, N.A. v Thomas, 150 AD3d at 1313). In opposition, the defendant failed to raise a triable issue of fact as to the plaintiff's standing.
However, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike his answer, and for an order of reference, since the evidence submitted in support of the motion failed to establish, prima facie, that the plaintiff strictly complied with RPAPL 1304, which is a condition precedent to foreclosure (see Wells Fargo Bank, N.A. v Lewczuk, 153 AD3d 890; Investors Sav. Bank v Salas, 152 AD3d 752; Wells Fargo Bank, N.A. v Trupia, 150 AD3d 1049). The plaintiff failed to submit an affidavit of service or any proof of mailing by the post office demonstrating that it properly served the defendant pursuant to the terms of the statute (see Investors Sav. Bank v Salas, 152 AD3d at 753; Citibank, N.A. v Wood, 150 AD3d 813; CitiMortgage, Inc. v Pappas, 147 AD3d 900; cf. Aurora Loan Servs., LLC v Weisblum, 85 AD3d 95). Contrary to the plaintiff's contention, the affidavit of a vice president for loan documentation of the loan servicer was insufficient to establish that the notice was sent to the defendant in the manner required by RPAPL 1304, as the loan servicer did not provide proof of a standard office mailing procedure and provided no independent proof of the actual mailing (see Wells Fargo Bank, N.A. v Lewczuk, 153 AD3d 890; Investors Sav. Bank v Salas, 152 AD3d at 754; Wells Fargo Bank, N.A. v Trupia, 150 AD3d at 1050; Citibank, N.A. v Wood, 150 AD3d 813; CitiMortgage, Inc. v Pappas, 147 AD3d at 901; cf. Flagstar Bank, FSB v Mendoza, 139 AD3d 898).
The Supreme Court erred in denying the defendant's cross motion for summary judgment dismissing the complaint insofar as asserted against him based upon the plaintiff's failure to comply with RPAPL 1304. The defendant established his prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against him, submitting, inter alia, his own affidavit attesting that he did not receive any notice pursuant to RPAPL 1304 (see CitiMortgage, Inc. v Pappas, 147 AD3d at 902; Aurora Loan Servs., LLC v Weisblum, 85 AD3d at 106; cf. Deutsche Bank Natl. Trust Co. v Spanos, 102 AD3d 909, 911). In opposition, the plaintiff failed to raise a triable issue of fact. Thus, the court should have granted the defendant's cross motion for summary judgment (see CitiMortgage, Inc. v Pappas, 147 AD3d at 902; Aurora Loan Servs., LLC v Weisblum, 85 AD3d at 106).
In light of our determination, we need not reach the defendant's remaining contention.
CHAMBERS, J.P., COHEN, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court