J.P. Morgan Mtge. Acquisition Corp v Kagan (2018 NY Slip Op 00416)





J.P. Morgan Mtge. Acquisition Corp v Kagan


2018 NY Slip Op 00416


Decided on January 24, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 24, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
L. PRISCILLA HALL
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2016-00717
 (Index No. 1086/12)

[*1]J.P. Morgan Mortgage Acquisition Corp, plaintiff,
v
Michelle H. Kagan, appellant, et al., defendants; Wilmington Savings Fund Society, FSB, etc., nonparty-respondent.


Michelle Kagan, sued herein as Michelle H. Kagan, Rhinebeck, NY, appellant pro se.
Friedman Vartolo LLP, New York, NY (Oran Schwager of counsel), for nonparty-respondent.



DECISION & ORDER
Appeal from an order of the Supreme Court, Dutchess County (Christine A. Sproat, J.), dated February 17, 2015. The order, insofar as appealed from, granted those branches of the motion of nonparty Wilmington Savings Fund Society, FSB, as assignee of the plaintiff, which were for summary judgment on the complaint insofar as asserted against the defendant Michelle H. Kagan, to strike her answer with affirmative defenses and counterclaims, and to appoint a referee, and denied those branches of the cross motion of the defendant Michelle H. Kagan which were for summary judgment dismissing the complaint insofar as asserted against her or, in the alternative, to compel discovery.
ORDERED that the order is modified, on the law, by deleting the provisions thereof granting those branches of the motion of nonparty Wilmington Savings Fund Society, FSB, which were for summary judgment on the complaint insofar as asserted against the defendant Michelle H. Kagan, to strike her answer with affirmative defenses and counterclaims, and to appoint a referee, and substituting therefor a provision denying those branches of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
In December 2005, Michelle H. Kagan (hereinafter the defendant) borrowed the sum of $500,000 from M & T Mortgage Corporation (hereinafter M & T). The loan was memorialized by an adjustable rate note and secured by a mortgage delivered to Mortgage Electronic Registration Systems, Inc., as nominee for M & T. In 2012, the plaintiff, J.P. Morgan Mortgage Acquisition Corp (hereinafter JP Morgan), commenced this action to foreclose the mortgage.
Thereafter, nonparty Wilmington Savings Fund Society, FSB (hereinafter Wilmington), as JP Morgan's assignee, moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike her answer with affirmative defenses and counterclaims, and to appoint a referee. The defendant cross-moved, among other things, for summary judgment dismissing the complaint insofar as asserted against her or, in the alternative, to compel discovery. In the order appealed from, the Supreme Court, inter alia, granted those branches [*2]of Wilmington's motion and denied those branches of the defendant's cross motion. The defendant appeals.
In support of its motion, Wilmington submitted an affidavit of the managing director of its loan servicer, who attested to the defendant's default in payment. While he attested to the mailing of a notice of default in accordance with the mortgage and a 90-day notice in accordance with RPAPL 1304, his affidavit did not contain a statement that he was familiar with JP Morgan's mailing practices and procedures, and therefore did not establish proof of a standard office practice and procedure designed to ensure that items are properly addressed and mailed (see CitiMortgage, Inc. v Pappas, 147 AD3d 900, 901). Accordingly, the Supreme Court should have denied those branches of Wilmington's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike her answer with affirmative defenses and counterclaims, and to appoint a referee, without regard to the sufficiency of the defendant's opposing papers (see Alvarez v Prospect Hosp., 68 NY2d 320, 324).
Despite the aforementioned deficiencies in Wilmington's proof, the defendant failed to demonstrate, prima facie, JP Morgan's lack of standing (see Filan v Dellaria, 144 AD3d 967, 975), or that the action should be dismissed based upon JP Morgan's failure to comply with conditions precedent (cf. CitiMortgage, Inc. v Pappas, 147 AD3d at 902; Aurora Loan Servs., LLC v Weisblum, 85 AD3d 95, 106). The defendant's remaining contentions are either without merit or not properly before this Court. Accordingly, the Supreme Court properly denied those branches of the defendant's cross motion which were for summary judgment dismissing the complaint insofar as asserted against her or, in the alternative, to compel discovery.
BALKIN, J.P., HALL, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court