Nationstar Mtge., LLC v LaPorte (2018 NY Slip Op 04334)





Nationstar Mtge., LLC v LaPorte


2018 NY Slip Op 04334


Decided on June 13, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 13, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
SANDRA L. SGROI
VALERIE BRATHWAITE NELSON, JJ.


2016-01171
2016-01172
 (Index No. 5917/14)

[*1]Nationstar Mortgage, LLC, respondent, 
v
Carole LaPorte, appellant, et al., defendants.


Harvey Sorid, Uniondale, NY, for appellant.
Shapiro, DiCaro, Barak, LLC (Sandelands Eyet LLP, New York, NY [Margaret S. Stefandl], of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Carole LaPorte appeals from two orders of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered October 13, 2015, and October 15, 2015, respectively. The order entered October 13, 2015, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Carole LaPorte and for an order of reference. The order entered October 15, 2015, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Carole LaPorte and for an order of reference, struck her answer, and appointed a referee to compute the amount due to the plaintiff.
ORDERED that the appeal from the order entered October 13, 2015, is dismissed, as the portions of the order appealed from were superseded by the order entered October 15, 2015; and it is further,
ORDERED that the order entered October 15, 2015, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The plaintiff commenced this mortgage foreclosure action against the defendant Carole LaPorte (hereinafter the defendant), among others. The defendant interposed an answer with various affirmative defenses, including the plaintiff's failure to comply with RPAPL 1304 and its lack of standing to commence the action. Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. The defendant opposed the motion, and cross-moved for summary judgment dismissing the complaint insofar as asserted against her. By order entered October 13, 2015, the Supreme Court, among other things, granted those branches of the plaintiff's motion and denied the defendant's cross motion. By order entered October 15, 2015, the court, inter alia, granted those branches of the [*2]plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference, struck her answer, and appointed a referee to compute the amount due to the plaintiff. The defendant appeals, arguing that the court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against her and for an order of reference on the ground that the plaintiff failed to eliminate triable issues of fact with regard to its standing and its strict compliance with RPAPL 1304.
Where a defendant places standing in issue, the plaintiff must prove its standing in order to be entitled to relief (see Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d 683 684; Aurora Loan Servs., LLC v Taylor, 114 AD3d 627, 628, affd 25 NY3d 355; Wells Fargo Bank Minn., N.A. v Mastropaolo, 42 AD3d 239, 242). A plaintiff has standing in a mortgage foreclosure action when it is the holder or assignee of the underlying note at the time the action is commenced (see Aurora Loan Servs., LLC v Taylor, 25 NY3d at 361; Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d at 684). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (U.S. Bank, N.A. v Collymore, 68 AD3d 752, 754; see Aurora Loan Servs., LLC v Taylor, 25 NY3d at 361-362; Dyer Trust 2012-1 v Global World Realty, Inc.,140 AD3d 827, 828).
Here, contrary to the defendant's contention, in support of its motion for summary judgment, the plaintiff established its standing as the holder of the note when the action was commenced by its attachment of a copy of the note, endorsed in blank, to the summons and complaint at the time the action was commenced (see US Bank N.A. v Coppola, 156 AD3d 934; Deutsche Bank Natl. Trust Co. v Carlin, 152 AD3d 491, 492; Wells Fargo Bank, N.A. v Thomas, 150 AD3d 1312, 1313; U.S. Bank N.A. v Saravanan, 146 AD3d 1010, 1011; JPMorgan Chase Bank, N.A. v Weinberger, 142 AD3d 643, 645; Deutsche Bank Natl. Trust Co. v Leigh, 137 AD3d 841, 842). In opposition, the defendant failed to raise a triable issue of fact (see generally Zuckerman v City of New York, 49 NY2d 557).
"[P]roper service of RPAPL 1304 notice on the borrower or borrowers is a condition precedent to the commencement of a foreclosure action, and the plaintiff has the burden of establishing satisfaction of this condition" (Aurora Loan Servs., LLC v Weisblum, 85 AD3d 95, 106; see CitiMortgage, Inc. v Pappas, 147 AD3d 900; Deutsche Bank Natl. Trust Co. v Spanos, 102 AD3d 909, 910). The statute requires that such notice must be sent by registered or certified mail, and also by first-class mail, to the last known address of the borrower (see RPAPL 1304[2]). By requiring the lender or mortgage loan servicer to send the RPAPL 1304 notice by registered or certified mail and also by first-class mail, the Legislature implicitly provided the means for the plaintiff to demonstrate its compliance with the statute, i.e., by submission of proof of mailing by the post office (see CitiMortgage, Inc. v Pappas, 147 AD3d 900).
Here, the plaintiff demonstrated, prima facie, that it complied with the mailing requirements of RPAPL 1304 by submitting evidence that it mailed the RPAPL 1304 notice to the defendant at her last-known address by both certified and first-class mail. The plaintiff's submissions included an affidavit of a person employed by the plaintiff as a document execution specialist that described the procedure by which the RPAPL 1304 notice was mailed to the defendant by both certified and first-class mail. Additionally, the plaintiff's submissions included a copy of an envelope addressed to the defendant bearing a certified mail twenty-digit barcode, and a copy of the RPAPL 1304 notices sent to the defendant (see HSBC Bank USA, N.A. v Ozcan, 154 AD3d 822; cf. Wells Fargo Bank, N.A. v Trupia, 150 AD3d 1049, 1050). In opposition, the defendant's bare denial of receipt of the RPAPL 1304 notice was insufficient to raise a triable issue of fact (see Grogg v South Rd. Assoc., L.P., 74 AD3d 1021; Countrywide Home Loans v Brown, 305 AD2d 626).
Accordingly, the Supreme Court properly, inter alia, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference.
BALKIN, J.P., AUSTIN, SGROI and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court