Deutsche Bank Natl. Trust Co. v Heitner (2018 NY Slip Op 07090)





Deutsche Bank Natl. Trust Co. v Heitner


2018 NY Slip Op 07090


Decided on October 24, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 24, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ROBERT J. MILLER
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2015-06012
 (Index No. 26768/09)

[*1]Deutsche Bank National Trust Company, etc., respondent, 
v
Walter Heitner, Jr., appellant, et al., defendants.


Ballon, Stoll, Bader & Nadler, P.C., New York, NY (Pankaj Malik of counsel), for appellant.
Hogan Lovells US LLP, New York, NY (Suzanne Novak, David Dunn, and Stacey A. Lara of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Walter Heitner, Jr., appeals from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered March 31, 2015. The order denied his motion, inter alia, for summary judgment dismissing the complaint insofar as asserted against him.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, that branch of the motion of the defendant Walter Heitner, Jr., which was for summary judgment dismissing the complaint insofar as asserted against him is granted, and so much of a subsequent order of the same court entered September 9, 2015, as, upon reargument, adhered to the order entered March 31, 2015, is vacated.
In November 2006, the defendant Walter Heitner, Jr. (hereinafter the defendant), and his wife, the defendant Gail Heitner (hereinafter together the Heitners), executed and delivered to New Century Mortgage Corporation (hereinafter New Century) a "balloon" note (hereinafter the note) in the sum of $450,000, which was secured by a mortgage on their home in Wantagh.
The plaintiff, New Century's successor in interest, commenced this action to foreclose the mortgage at the end of 2009. In May 2014, the defendant moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against him based upon lack of personal jurisdiction, lack of standing, failure to comply with the statutory notice requirements of RPAPL 1303 and 1304, and failure to negotiate in good faith pursuant to CPLR 3408(f). The Supreme Court denied his motion and the defendant appeals.
We disagree with the Supreme Court's determination to deny that branch of the defendant's motion which was for summary judgment dismissing the complaint insofar as asserted against him. Contrary to the court's determination, the defendant established his prima facie entitlement to judgment as a matter of law by submitting his own affidavit attesting that he had not received any notice pursuant to RPAPL 1304 (see U.S. Bank N.A. v Henry, 157 AD3d 839, 842; CitiMortgage, Inc. v Pappas, 147 AD3d 900, 902; Aurora Loan Servs., LLC v Weisblum, 85 AD3d 95, 106). In opposition, the plaintiff submitted only a copy of the required notice, but failed to submit any evidence that the notice was mailed in the manner required by the statute. Specifically, the plaintiff did not submit "an affidavit of service, . . . proof of mailing by the post office, evincing [*2]that it properly served the defendant pursuant to RPAPL 1304 [by registered or certified mail and also by first-class mail to his last known address]" (CitiMortgage, Inc. v Pappas, 147 AD3d at 901 [citations omitted]), or "proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure" (Wells Fargo Bank, NA v Mandrin, 160 AD3d 1014). Thus, the plaintiff failed to demonstrate that it strictly complied with the requirements of RPAPL 1304, notwithstanding the label on the notice stating "Certified Article Number" and "Senders Record" and listing a 20-digit number on the top of the letter (see Bank of N.Y. Mellon v Zavolunov, 157 AD3d 754, 756; Citibank, N.A. v Wood, 150 AD3d 813, 814). Thus, since the plaintiff did not raise a triable issue of fact in opposition to the defendant's prima facie showing that the plaintiff failed to satisfy the condition precedent of proper service of RPAPL 1304 notice upon him, the court should have granted that branch of the defendant's motion which was for summary judgment dismissing the complaint insofar as asserted against him on that ground (see CitiMortgage, Inc. v Pappas, 147 AD3d at 902; Aurora Loan Servs., LLC v Weisblum, 85 AD3d at 106).
The parties' remaining contentions have been rendered academic in light of our determination.
RIVERA, J.P., MILLER, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court