U.S. Bank N.A. v Ismail (2019 NY Slip Op 02139)





U.S. Bank N.A. v Ismail


2019 NY Slip Op 02139


Decided on March 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON, JJ.


2016-07621
 (Index No. 130850/13)

[*1]U.S. Bank National Association, etc, respondent,
v
Mohammad Ismail, appellant, et al., defendants.


Law Office of Maggio & Meyer, PLLC, Bohemia, NY (Holly C. Meyer of counsel),
for appellant.
Reed Smith LLP, New York, NY (Efrat Cohen and Diane A. Bettino of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Mohammad Ismail appeals from an order of the Supreme Court, Richmond County (Judith N. McMahon, J.), dated May 16, 2016. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against that defendant, to strike his answer, and for an order of reference, and referred the matter to a referee to compute the amount due to the plaintiff.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Mohammad Ismail, to strike his answer, and for an order of reference are denied.
The plaintiff commenced this action against, among others, the defendant Mohammad Ismail (hereinafter the defendant), seeking to foreclose a mortgage given to nonparty Wells Fargo Bank, N.A. (hereinafter Wells Fargo). After the defendant interposed an answer, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike his answer, and for an order of reference. The defendant opposed the motion, arguing, among other things, that the plaintiff failed to establish its compliance with RPAPL 1304. In an order dated May 16, 2016, the Supreme Court, inter alia, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike his answer, and for an order of reference, and referred the matter to a referee to compute the amount due to the plaintiff under the mortgage loan. The defendant appeals.
To establish prima facie entitlement to judgment as a matter of law in an action to foreclose a mortgage, a plaintiff must produce the mortgage, the unpaid note, and evidence of default (see Deutsche Bank Natl. Trust Co. v Abdan, 131 AD3d 1001; HSBC Bank, USA v Hagerman, 130 AD3d 683, 683-684; Plaza Equities, LLC v Lamberti, 118 AD3d 688, 689). Furthermore, in a residential foreclosure action, a plaintiff moving for summary judgment must tender "sufficient evidence demonstrating the absence of material issues as to its strict compliance with RPAPL 1304" (Aurora Loan Servs., LLC v Weisblum, 85 AD3d 95, 106). RPAPL 1304(1), which applies to home loans, provides that "at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower . . . including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower." The statute sets forth the [*2]requirements for the content of such notice (see id.), and provides that such notice must be sent by registered or certified mail and by first-class mail to the last known address of the borrower and to the subject residence (see RPAPL 1304[2]). "[P]roper service of RPAPL 1304 notice on the borrower or borrowers is a condition precedent to the commencement of a foreclosure action, and the plaintiff has the burden of establishing satisfaction of this condition" (Aurora Loan Servs., LLC v Weisblum, 85 AD3d at 106; see Citibank, N.A. v Wood, 150 AD3d 813, 814; Flagstar Bank, FSB v Damaro, 145 AD3d 858, 860).
Here, the plaintiff failed to establish, prima facie, that it complied with the requirements of RPAPL 1304 (see M & T Bank v Joseph, 152 AD3d 579; CitiMortgage, Inc. v Pappas, 147 AD3d 900; Bank of N.Y. Mellon v Aquino, 131 AD3d 1186, 1186; Deutsche Bank Natl. Trust Co. v Spanos, 102 AD3d 909, 910). Contrary to the plaintiff's contention, the affidavit of a vice president for loan documentation of the loan servicer Wells Fargo was insufficient to establish that the notice was sent to the defendant in the manner required by RPAPL 1304 (see Bank of N.Y. Mellon v Zavolunov, 157 AD3d 754, 756-757; Wells Fargo Bank, N.A. v Lewczuk, 153 AD3d 890; Wells Fargo Bank, N.A. v Trupia, 150 AD3d 1049, 1050-1051; Citibank, N.A. v Wood, 150 AD3d at 814; CitiMortgage, Inc. v Pappas, 147 AD3d at 901; JPMorgan Chase Bank, N.A. v Kutch, 142 AD3d 536, 537; cf. Flagstar Bank, FSB v Mendoza, 139 AD3d 898, 900).
Since the plaintiff failed to establish, prima facie, that it complied with the requirements of RPAPL 1304, the Supreme Court should have denied those branches of its motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike his answer, and for an order of reference, regardless of the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
In light of our determination, we need not reach the defendant's remaining contentions.
AUSTIN, J.P., ROMAN, MILLER and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court