■ WELLS FARGO BANK, N.A., as Successor by Merger to WACHOVIA MORTGAGE, FSB, Formerly Known as WORLD SAVINGS, FSB, Respondent, v MARIA TRUPIA, Appellant. [55 NYS3d 134]—

In an action to foreclose a mortgage, the defendant appeals, as limited by her brief, from (1) stated portions of an order of the Supreme Court, Suffolk County (Whelan, J.), dated April 27, 2015, and (2) so much of an order of the same court, also dated April 27, 2015, as granted those branches of the plaintiff's motion which were for summary judgment on the complaint, to strike her answer, and for an order of reference, and appointed a referee to compute the amount due on the mortgage loan.

Ordered that the appeal from the first order dated April 27, 2015, is dismissed, as the portions of the first order appealed from were superseded by the second order dated April 27, 2015; and it is further,

Ordered that the second order dated April 27, 2015, is reversed insofar as appealed from, on the law, those branches of the plaintiff's motion which were for summary judgment on the complaint, to strike the defendant's answer, and for an order of reference are denied, and so much of the first order dated April 27, 2015, as also granted those branches of the plaintiff's motion is vacated; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The plaintiff commenced this action against the defendant to foreclose a mortgage on residential property located in Mattituck. The plaintiff alleged, among other things, that the defendant defaulted on her mortgage obligation, and that, upon

information and belief, it complied with RPAPL 1304. Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint. In opposition, the defendant asserted that the plaintiff failed to properly serve the required 90-day notice in accordance with RPAPL 1304. In an order dated April 27, 2015, the Supreme Court granted the plaintiff's motion, inter alia, for summary judgment on the complaint, to strike her answer, and for an order of reference. In another order also dated April 27, 2015, the court granted the plaintiff's motion and appointed a referee to compute the amount due on the mortgage loan. We reverse insofar as appealed from.

"[P]roper service of RPAPL 1304 notice on the borrower or borrowers is a condition precedent to the commencement of a foreclosure action, and the plaintiff has the burden of establishing satisfaction of this condition" (*Aurora Loan Servs., LLC v Weisblum*, 85 AD3d 95, 106 [2011]; *see CitiMortgage, Inc. v Pappas*, 147 AD3d 900 [2017]; *Deutsche Bank Natl. Trust Co. v Spanos*, 102 AD3d 909, 910 [2013]). The statute requires that such notice must be sent by registered or certified mail, and also by first-class mail, to the last known address of the borrower (*see* RPAPL 1304 [2]). By requiring the lender or mortgage loan servicer to send the RPAPL 1304 notice by registered or certified mail and also by first-class mail, the Legislature implicitly provided the means for the plaintiff to demonstrate its compliance with the statute, i.e., by submission of proof of mailing by the post office (*see CitiMortgage, Inc. v Pappas*, 147 AD3d 900 [2017]).

Here, the plaintiff failed to demonstrate, prima facie, its strict compliance with RPAPL 1304 (*see Hudson City Sav. Bank v DePasquale*, 113 AD3d 595, 596 [2014]). In support of its motion, the plaintiff submitted the affidavit of Monica I. Montalvo Rivas, its vice president of loan documentation, stating that she had "reviewed the 90 day pre-foreclosure notice sent to Borrower on October 31, 2013 to the last known address of Borrower, which is the residence that is [the] subject of the Mortgage, by first class mail and certified mail." Annexed to Rivas's affidavit was a copy of the notice, along with a copy of a "Certified Mail Receipt" containing the defendant's address and a "Certified Mail Number." The receipt contained no language indicating that it was issued by the United States Postal Service. "While mailing may be proved by documents meeting the requirements of the business records exception to the rule against hearsay," here, Rivas did not aver that she was familiar with the plaintiff's mailing practices and procedures, and therefore did not establish proof of a standard

office practice and procedure designed to ensure that items are properly addressed and mailed (*see CitiMortgage, Inc. v Pappas*, 147 AD3d at 901). In any event, the plaintiff failed to submit any proof substantiating Rivas's assertion that the notice was mailed to the defendant by first class mail.

Accordingly, since the plaintiff failed to establish, prima facie, that it strictly complied with RPAPL 1304, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint, to strike the defendant's answer, and for an order of reference (*see Deutsche Bank Natl. Trust Co. v Cunningham*, 142 AD3d 634, 636 [2016]; *Bank of N.Y. Mellon v Aquino*, 131 AD3d 1186, 1186-1187 [2015]; *Wells Fargo Bank, NA v Burke*, 125 AD3d 765, 767 [2015]).

The defendant's remaining contentions need not be reached in light of our determination. Mastro, J.P., Sgroi, LaSalle and Connolly, JJ., concur. 