Appeal from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), dated January 21, 2016. The order, insofar as appealed from, granted those branches of the plaintiff’s motion which were for summary judgment on the complaint insofar as asserted against the defendants Michael C. Banks and Tyra Banks, to strike their answer, and for an order of reference.
 

 Ordered that the order is affirmed insofar as appealed from, with costs.
 

 The plaintiff commenced this action against, among others, the defendants Michael C. Banks and Tyra Banks (hereinafter together the defendants) to foreclose a mortgage. In their answer, the defendants asserted several affirmative defenses, including that the plaintiff failed to comply with RPAPL 1304. The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer, and for an order of reference. The defendants opposed the motion on the ground that the plaintiff failed to demonstrate its compliance with RPAPL 1304. By order dated January 21, 2016, the Supreme Court, inter alia, granted the plaintiff’s motion. The defendants appeal.
 

 RPAPL 1304 (1), which applies to residential foreclosure actions, provides that, “at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower, . . . including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower.” The statute sets forth the requirements for the content of such notice and provides that such notice must be sent by registered or certified mail and also by first-class mail to the last known address of the borrower (see RPAPL 1304 [2]). “[P]roper service of RPAPL 1304 notice on the borrower or borrowers is a condition precedent to the commencement of a foreclosure action, and the plaintiff has the burden of establishing satisfaction of this condition” (Aurora Loan Servs., LLC v Weisblum, 85 AD3d 95, 106 [2011]; see Citibank, N.A. v Wood, 150 AD3d 813, 814 [2017]; Flagstar Bank, FSB v Damaro, 145 AD3d 858, 860 [2016]; Flushing Sav. Bank v Latham, 139 AD3d 663, 665 [2016]; Deutsche Bank Natl. Trust Co. v Spanos, 102 AD3d 909, 910 [2013]).
 

 Here, contrary to the defendants’ contentions, the plaintiff established, prima facie, the absence of triable issues of fact as to whether it strictly complied with the requirements of RPAPL 1304. The plaintiff submitted proof of mailing by the post office demonstrating that it properly served the defendants with the notices by certified mail. The plaintiff submitted an affidavit by its vice president of document control, attaching a copy of its 90-day notice and its business records demonstrating its standard office mailing procedure and showing that the notices were mailed to the defendants by certified and regular mail in accordance with its standard office mailing procedure (see Flagstar Bank, FSB v Mendoza, 139 AD3d 898, 900 [2016]; cf. Wells Fargo Bank, N.A. v Trupia, 150 AD3d 1049, 1050 [2017]; Citibank, N.A. v Wood, 150 AD3d 813, 814 [2017]). In opposition, the defendants failed to raise a triable issue of fact.
 

 The defendants’ remaining contentions are without merit.
 

 Accordingly, the Supreme Court properly granted those branches of the plaintiff’s motion which were for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer, and for an order of reference.
 

 Balkin, J.P., Maltese, Barros and Connolly, JJ., concur.