Wells Fargo Bank, NA v Mandrin (2018 NY Slip Op 02826)





Wells Fargo Bank, NA v Mandrin


2018 NY Slip Op 02826


Decided on April 25, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 25, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.


2014-09009
2014-09010
2016-02877
 (Index No. 11224/12)

[*1]Wells Fargo Bank, NA, respondent, 
v
Edward Mandrin, appellant, et al., defendant.


R. David Marquez, P.C., Mineola, NY, for appellant.
Knuckles, Komosinski & Elliott, LLP, Elmsford, NY (John E. Brigandi of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Edward Mandrin appeals from (1) an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered June 11, 2014, (2) an order of reference of the same court entered June 12, 2014, and (3) a judgment of foreclosure and sale of the same court entered December 17, 2015. The order entered June 11, 2014, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Edward Mandrin, to strike that defendant's answer, and for an order of reference. The order of reference entered June 12, 2014, insofar as appealed from, appointed a referee. The judgment of foreclosure and sale entered December 17, 2015, upon the orders, directed the sale of the subject premises.
ORDERED that the appeals from the order entered June 11, 2014, and the order of reference entered June 12, 2014, are dismissed; and it is further,
ORDERED that the judgment of foreclosure and sale is reversed, on the law, with costs, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Edward Mandrin, to strike that defendant's answer, and for an order of reference, are denied, and the order entered June 11, 2014, and the order of reference entered June 12, 2014, are modified accordingly.
The defendant Edward Mandrin defaulted on a mortgage loan secured by his home in New Hyde Park (hereinafter the subject premises). The plaintiff, as the holder of the note, commenced this action against Mandrin, among others, to foreclose the mortgage on the subject premises. Mandrin answered the complaint and asserted the affirmative defenses of, inter alia, lack of standing and failure to comply with the 90-day notice requirement of RPAPL 1304. Prior to the completion of discovery, the plaintiff moved, among other things, for summary judgment on the complaint insofar as asserted against Mandrin, to strike his answer, and for an order of reference. By order entered June 11, 2014, the Supreme Court, inter alia, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against Mandrin, to strike his answer, and for an order of reference. By order of reference entered June 12, [*2]2014, the court, among other things, appointed a referee. By judgment of foreclosure and sale entered December 17, 2015, the court directed the sale of the subject premises. Mandrin appeals from the orders and the judgment.
The appeals from the order entered June 11, 2014, and the order of reference entered June 12, 2014, respectively, must be dismissed, as the right of direct appeal therefrom terminated with the entry of the judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241). The issues raised on the appeals from the orders are brought up for review and have been considered on the appeal from the judgment of foreclosure and sale (see CPLR 5501[a][1]).
"When a plaintiff's standing to commence a foreclosure action is at issue, it is incumbent upon the plaintiff to prove its standing to be entitled to relief" (Emigrant Mtge. Co., Inc. v Persad, 117 AD3d 676, 676). A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that, when the action was commenced, it was either the holder or assignee of the underlying note (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 360-362; Hudson City Sav. Bank v Genuth, 148 AD3d 687, 689). Here, the plaintiff established its standing with proof that it was the holder of the note at the time that the action was commenced (see Generation Mtge. Co. v Medina, 138 AD3d 688, 689; Wachovia Morg. Corp. v Lopa, 129 AD3d 830, 831; Emigrant Mtge. Co., Inc. v Persad, 117 AD3d 676). In opposition, Mandrin failed to raise a triable issue of fact.
However, reversal is required in light of the plaintiff's failure to establish strict compliance with the 90-day notice requirement of RPAPL 1304. " [P]roper service of RPAPL 1304 notice on the borrower or borrowers is a condition precedent to the commencement of a foreclosure action, and the plaintiff has the burden of establishing satisfaction of this condition'" (Wells Fargo Bank, N.A. v Trupia, 150 AD3d 1049, 1050, quoting Aurora Loan Servs., LLC v Weisblum, 85 AD3d 95, 106). "The statute requires that such notice must be sent by registered or certified mail, and also by first-class mail, to the last known address of the borrower" (Wells Fargo Bank, N.A. v Trupia, 150 AD3d at 1050; see RPAPL 1304). By requiring the lender or mortgage loan servicer to send the RPAPL 1304 notice by registered or certified mail and also by first-class mail, the Legislature implicitly provided the means for the plaintiff to demonstrate its compliance with the statute, i.e., by proof of the requisite mailing (see Wells Fargo Bank, N.A. v Trupia, 150 AD3d at 1050). Proof of the requisite mailing is established with proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure (see M & T Bank v Joseph, 152 AD3d 579; Wells Fargo Bank, N.A. v Trupia, 150 AD3d at 1050-1051; Citibank, N.A. v Wood, 150 AD3d 813, 814; Citimortgage, Inc. v Pappas, 147 AD3d 900, 901-902; Flagstar Bank, FSB v Mendosa, 139 AD3d 898, 900).
Here, in moving for summary judgment, the plaintiff failed to submit an affidavit of service or other proof of mailing by the post office establishing that it properly served Mandrin pursuant to RPAPL 1304. The unsubstantiated and conclusory statement of a vice president of the plaintiff that a 90-day pre-foreclosure notice "was forwarded by regular and certified mail" to Mandrin "in full compliance with all requirements of RPAPL § 1304" was insufficient to establish that the notice was actually mailed to Mandrin by first-class and certified mail (see M & T Bank v Joseph, 152 AD3d 579; Wells Fargo Bank, N.A. v Trupia, 150 AD3d at 1050-1051; Citibank, N.A. v Wood, 150 AD3d at 814; Cenlar, FSB v Censor, 139 AD3d 781, 782-783). Because the plaintiff failed to satisfy its prima facie burden with respect to RPAPL 1304, that branch of its motion which was for summary judgment on the complaint insofar as asserted against Mandrin should have been denied, regardless of the sufficiency of Mandrin's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The parties' remaining contentions are either without merit or need not be addressed in light of our determination.
RIVERA, J.P., COHEN, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court