BAC Home Loans Servicing, L.P. v Chertov (2018 NY Slip Op 07281)





BAC Home Loans Servicing, L.P. v Chertov


2018 NY Slip Op 07281


Decided on October 31, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 31, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY, JJ.


2016-03824
 (Index No. 130304/10)

[*1]BAC Home Loans Servicing, L.P., respondent,
v
Semyon Chertov, appellant, et al., defendants.


Solomon Rosengarten, Brooklyn, NY, for appellant.
Friedman Vartolo LLP, New York, NY (Oran Schwager of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Semyon Chertov appeals from a judgment of foreclosure and sale of the Supreme Court, Richmond County (Desmond Green, J.), dated July 21, 2016. The judgment, insofar as appealed from, upon an order of the same court dated May 9, 2014, inter alia, granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Semyon Chertov and for an order of reference, directed the sale of the subject premises.
ORDERED that the judgment of foreclosure and sale is affirmed insofar as appealed from, with costs.
In April 2005, Semyon Chertov (hereinafter the defendant) executed a note in the sum of $344,000 in favor of Countrywide Home Loans, Inc. (hereinafter Countrywide). The note was secured by a mortgage on residential property located in Staten Island (hereinafter the premises). By assignment of mortgage dated February 16, 2010, Mortgage Electronic Registration Systems, Inc. (hereinafter MERS), as nominee for Countrywide, assigned the mortgage to the plaintiff, BAC Home Loans Servicing, L.P. (hereinafter BAC).
Thereafter, in February 2010, BAC commenced this action against the defendant, among others, to foreclose the mortgage. The defendant served an answer dated March 22, 2010. In May 2013, BAC moved, inter alia, for summary judgment on the complaint and for an order of reference. In opposition, the defendant argued, inter alia, that BAC failed to establish that it had standing to commence the action and that BAC failed to comply with RPAPL 1304. In an order dated May 9, 2014, the Supreme Court granted BAC's motion and, among other things, referred the matter to a referee to ascertain and compute the amount due on the mortgage loan. The court issued a judgment of foreclosure and sale dated July 21, 2016. The defendant appeals from so much of the judgment of foreclosure and sale as, upon the order dated May 9, 2014, directed the sale of the premises.
BAC's contention that the appeal has been rendered academic by the sale of the premises pursuant to the judgment of foreclosure and sale because the defendant's equity of redemption was extinguished as a matter of law upon the sale is without merit, as the defendant does not seek to redeem the property by "making payment of the debt owed to the mortgagee" (D & L [*2]Holdings v Goldman Co., 287 AD2d 65, 69).
The defendant waived the defense of lack of standing (see Wells Fargo Bank, N.A. v Erobobo, 127 AD3d 1176; Wells Fargo Bank Minn., N.A. v Mastropaolo, 42 AD3d 239). Therefore, BAC was not required to establish its standing in order to demonstrate its prima facie entitlement to judgment as a matter of law (see Citigroup v Kopelowitz, 147 AD3d 1014, 1015; JP Morgan Chase Bank, N.A. v Butler, 129 AD3d 777, 780).
RPAPL 1304(1) provides that, "at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower, including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower." RPAPL 1304 sets forth the requirements for the content of such notice (see RPAPL 1304[1]) and further provides that such notice must be sent by registered or certified mail and also by first-class mail to the last known address of the borrower (see RPAPL 1304[2]). "[P]roper service of RPAPL 1304 notice on the borrower or borrowers is a condition precedent to the commencement of a foreclosure action, and the plaintiff has the burden of establishing satisfaction of this condition" (Aurora Loan Servs., LLC v Weisblum, 85 AD3d 95, 106; see Citimortgage, Inc. v Pappas, 147 AD3d 900, 901; Deutsche Bank Natl. Trust Co. v Spanos, 102 AD3d 909, 910).
The defendant's contention that BAC failed to establish that it properly served the notice in accordance with the statute is without merit. In order to establish that it properly served a notice pursuant to RPAPL 1304, a plaintiff must provide proof of mailing by the post office (see Wells Fargo Bank, NA v Mandrin, 160 AD3d 1014; Wells Fargo Bank, N.A. v Trupia, 150 AD3d 1049, 1050-1051). Here, BAC's submissions were sufficient to demonstrate, prima facie, that it properly served the notice (cf. Wells Fargo Bank, N.A. v Lewczuk, 153 AD3d 890, 892; Wells Fargo Bank, N.A. v Trupia, 150 AD3d at 1050), and the defendant failed to raise a triable issue of fact in opposition.
Moreover, contrary to the defendant's contention, the notice submitted by BAC contained a list of five housing counseling agencies serving "the region where [he] reside[d]," as required by the version of RPAPL 1304 in effect at the time the action was commenced (RPAPL former 1304[2]; see L 2009, ch 507, § 1-a [eff Jan 14, 2010]).
Accordingly, we agree with the Supreme Court's determination to grant those branches of BAC's motion which were for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference, and to direct the sale of the premises.
BALKIN, J.P., AUSTIN, HINDS-RADIX and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court