Bank of Am., N.A. v Bittle (2019 NY Slip Op 00086)





Bank of Am., N.A. v Bittle


2019 NY Slip Op 00086


Decided on January 9, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 9, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
CHERYL E. CHAMBERS
SANDRA L. SGROI
FRANCESCA E. CONNOLLY, JJ.


2015-08694
 (Index No. 11031/13)

[*1]Bank of America, N.A., plaintiff, 
v
Ivy R. Bittle, appellant, et al., defendants; Nationstar Mortgage, LLC, nonparty-respondent.


Ivy R. Bittle, Brooklyn, NY, appellant pro se.
Sandelands Eyet LLP, New York, NY (William C. Sandelands and Laurence P. Chirch of counsel), for plaintiff.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Ivy R. Bittle appeals from an order of the Supreme Court, Kings County (Debra Silber, J.), dated June 23, 2015. The order, insofar as appealed from, granted those branches of the motion of nonparty Nationstar Mortgage, LLC, as assignee of the plaintiff, which were for summary judgment on the complaint insofar as asserted against the defendant Ivy R. Bittle, to strike that defendant's answer and affirmative defenses, and for an order of reference.
ORDERED that the order is modified, on the law, by deleting the provisions thereof granting those branches of the motion of nonparty Nationstar Mortgage, LLC, as assignee of the plaintiff, which were for summary judgment on the complaint insofar as asserted against the defendant Ivy R. Bittle, to strike that defendant's answer and affirmative defense alleging that the plaintiff failed to comply with the notice requirements of RPAPL 1304, and for an order of reference, and substituting therefor provisions denying those branches of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the appellant.
In June 2013, the plaintiff commenced this action against the defendant Ivy R. Bittle (hereinafter the defendant) and others to foreclose a mortgage on residential property located in Brooklyn. The defendant, acting pro se, interposed an answer in which she asserted, inter alia, the affirmative defense that the plaintiff failed to comply with the notice requirements of RPAPL 1304. On April 15, 2014, the plaintiff purportedly assigned the mortgage and underlying note to Nationstar Mortgage, LLC (hereinafter Nationstar). Thereafter, Nationstar, as assignee of the plaintiff, moved, inter alia, for summary judgment on the complaint, to strike the defendant's answer and affirmative defenses, and for an order of reference. The Supreme Court granted the motion. The defendant appeals.
"Generally, in moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie case through the production of the mortgage, the unpaid note, and evidence of default" (Deutsche Bank Natl. Trust Co. v Abdan, 131 AD3d 1001, 1002 [internal quotation marks omitted]). However, where, as here, a defendant raises the issue of compliance with RPAPL 1304 as an affirmative defense, the moving party is also required to make a prima facie [*2]showing of strict compliance with RPAPL 1304 (see Bank of Am., N.A. v Wheatley, 158 AD3d 736, 737).
RPAPL 1304 provides, in relevant part, that a specific form of notice must be given to the borrower at least 90 days before the commencement of a mortgage foreclosure action (see RPAPL 1304[1]), and that such notice must be sent to the borrower "by registered or certified mail and also by first-class mail to the last known address of the borrower, and to the residence that is the subject of the mortgage" (RPAPL 1304[2]). By imposing these specific mailing requirements, "the Legislature implicitly provided the means for the plaintiff to demonstrate its compliance with the statute, i.e., by proof of the requisite mailing," which can be "established with proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure" (Wells Fargo Bank, NA v Mandrin, 160 AD3d 1014, 1016).
Here, Nationstar relied on the affidavit of its employee, Michael Woods, who averred, in relevant part, that "the 90-day notices required by statute were mailed to [d]efendant by regular and certified mail to the last known mailing address and to the property address on January 3, 2013," and that the letters "were sent in separate envelopes from any other mailing or notice." However, the record contains a single 90-day notice, bearing the plaintiff's letterhead and addressed to the defendant at the subject property, with no clear indication as to whether the mailing was made by registered or certified mail, or by first-class mail. Moreover, Woods—who is not an employee of the plaintiff—did not aver in his affidavit to having any familiarity with the plaintiff's mailing practices and procedures. Under these circumstances, Nationstar failed to establish, prima facie, strict compliance with RPAPL 1304 (compare Wells Fargo Bank, NA v Mandrin, 160 AD3d at 1016, Wells Fargo Bank, N.A. v Trupia, 150 AD3d 1049, 1050, and Citimortgage, Inc. v Pappas, 147 AD3d 900, 901, with Citimortgage, Inc. v Banks, 155 AD3d 936, 937).
The defendant's remaining contentions are without merit.
Accordingly, the Supreme Court should have denied those branches of Nationstar's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer and affirmative defense alleging that the plaintiff failed to comply with the requirements of RPAPL 1304, and for an order of reference, regardless of the sufficiency of the opposing papers (see Wells Fargo Bank, N.A. v Lewczuk, 153 AD3d 890, 892; M & T Bank v Joseph, 152 AD3d 579, 581; Wells Fargo Bank, N.A. v Trupia, 150 AD3d at 1051; Citibank, N.A. v Wood, 150 AD3d 813, 814).
LEVENTHAL, J.P., CHAMBERS, SGROI and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court