Fifth Third Mtge. Co. v Seminario (2019 NY Slip Op 00589)





Fifth Third Mtge. Co. v Seminario


2019 NY Slip Op 00589


Decided on January 30, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 30, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
CHERYL E. CHAMBERS
LEONARD B. AUSTIN
JEFFREY A. COHEN, JJ.


2016-06479
 (Index No. 10339/12)

[*1]Fifth Third Mortgage Company, respondent, 
v
Jason Seminario, appellant, et al., defendants.


Harold A. Steuerwald, LLC, Bellport, NY, for appellant.
McCabe, Weisberg & Conway, LLC, New Rochelle, NY (Allison J. Sanders of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Jason Seminario appeals from a judgment of foreclosure and sale of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered December 9, 2016. The judgment of foreclosure and sale, upon an order of the same court entered February 8, 2016, inter alia, granting those branches of the plaintiff's renewed motion which were for summary judgment on the complaint insofar as asserted against the defendant Jason Seminario, to strike that defendant's answer, and for an order of reference, among other things, directed the sale of the subject property.
ORDERED that the judgment of foreclosure and sale is reversed, on the law, with costs, those branches of the plaintiff's renewed motion which were for summary judgment on the complaint insofar as asserted against the defendant Jason Seminario, to strike that defendant's answer, and for an order of reference are denied, and the order entered February 8, 2016, is modified accordingly.
Jason Seminario (hereinafter the defendant) executed a note in the sum of $458,085 in favor of the plaintiff. The note was secured by a mortgage on residential property located in Massapequa Park. Subsequently, the plaintiff mortgagee commenced this action against the defendant, among others, to foreclose the mortgage. The defendant served an answer asserting various affirmative defenses, including, inter alia, that the plaintiff failed to comply with RPAPL 1304. The plaintiff made a renewed motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer, and for an order of reference. In an order entered February 8, 2016, the Supreme Court, inter alia, granted those branches of the plaintiff's renewed motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer, and for an order of reference. A judgment of foreclosure and sale was entered thereafter. The defendant appeals.
The Supreme Court should have denied those branches of the plaintiff's renewed motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer, and for an order of reference. "To establish prima facie entitlement to judgment as a matter of law in an action to foreclose a mortgage, a plaintiff must produce the mortgage, the unpaid note, and evidence of default" (U.S. Bank N.A. v Henderson, 163 [*2]AD3d 601, 602; see Midfirst Bank v Agho, 121 AD3d 343, 347). "Furthermore, in a residential foreclosure action, a plaintiff moving for summary judgment must tender sufficient evidence demonstrating the absence of material issues as to its strict compliance with RPAPL 1304'" (U.S. Bank N.A. v Henderson, 163 AD3d at 602, quoting Aurora Loan Servs., LLC v Weisblum, 85 AD3d 95, 106). "[P]roper service of RPAPL 1304 notice on the borrower or borrowers is a condition precedent to the commencement of a foreclosure action, and the plaintiff has the burden of establishing satisfaction of this condition" (Aurora Loan Servs., LLC v Weisblum, 85 AD3d at 106; see U.S. Bank N.A. v Henderson, 163 AD3d at 602).
Here, the plaintiff failed to establish, prima facie, that it complied with the requirements of RPAPL 1304 (see U.S. Bank N.A. v Henderson, 163 AD3d at 603; Wells Fargo Bank, N.A. v Trupia, 150 AD3d 1049, 1050-1051). In support of its renewed motion, the plaintiff submitted sworn documents, an affirmation and an affidavit, respectively, from persons who asserted that notice pursuant to RPAPL 1304 was sent to the defendant by first class mail and registered or certified mail. However, these persons did not have personal knowledge of the purported mailing and each failed to make the requisite showing of familiarity with the relevant mailing practices and procedures, and, thus, did not establish "proof of a standard office practice and procedure designed to ensure that items are properly addressed and mailed" (Wells Fargo Bank, N.A. v Trupia, 150 AD3d at 1050-1051; see U.S. Bank N.A. v Henderson, 163 AD3d at 603).
LEVENTHAL, J.P., CHAMBERS, AUSTIN and COHEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court