U.S. Bank N.A. v Offley (2019 NY Slip Op 02377)





U.S. Bank N.A. v Offley


2019 NY Slip Op 02377


Decided on March 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JEFFREY A. COHEN
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2016-05948
2017-01473
 (Index No. 11416/13)

[*1]U.S. Bank National Association, etc., respondent,
v
Janice Offley, appellant, et al., defendant.


Lester & Associates, P.C., Garden City, NY (Gabriel R. Korinman of counsel), for appellant.
Hogan Lovells US LLP, New York, NY (David Dunn, Chava Brandriss, and Benjamin P. Jacobs of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Janice Offley appeals from (1) an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered November 6, 2015, and (2) an order of the same court entered March 18, 2016. The order entered November 6, 2015, among other things, granted those branches of the plaintiff's motion which were for summary judgment on the complaint and to appoint a referee to compute the amount due and owing to the plaintiff. The order entered March 18, 2016, insofar as appealed from, inter alia, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Janice Offley, to strike that defendant's answer, and to appoint a referee to compute.
ORDERED that the appeal from the order entered November 6, 2015, is dismissed, as that order was superseded by the order entered March 18, 2016; and it is further,
ORDERED that the order entered March 18, 2016, is reversed insofar as appealed from, on the law, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Janice Offley, to strike that defendant's answer, and to appoint a referee to compute are denied, and so much of the order entered November 6, 2015, as granted those branches of the plaintiff's motion is vacated; and it is further,
ORDERED that one bill of costs is awarded to the defendant Janice Offley.
On March 14, 2006, the defendant Janice Offley (hereinafter the defendant) executed and delivered to Wells Fargo Bank, N.A. (hereinafter Wells Fargo), a note promising to repay a loan in the amount of $380,000, secured by a mortgage encumbering her residential property located in Uniondale.
On September 18, 2013, the plaintiff, the loan servicer, commenced this action to foreclose the mortgage. Among her affirmative defenses, the defendant asserted, inter alia, that the [*2]plaintiff lacked standing and failed to comply with RPAPL 1304 notice requirements. Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer, and to appoint a referee to compute the amount due to the plaintiff. In two orders, entered November 6, 2015, and March 18, 2016, respectively, the Supreme Court, among other things, granted those branches of the plaintiff's motion, and the defendant appeals.
In a foreclosure action, a plaintiff has standing if it is the holder or the assignee of the underlying note at the time the action is commenced (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362; CitiMortgage, Inc. v McKenzie, 161 AD3d 1040, 1041; Central Mtge. Co. v Davis, 149 AD3d 898, 899; Security Lending, Ltd. v New Realty Corp., 142 AD3d 986, 987). "A holder' is the person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession'" (Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d 683, 684, quoting UCC 1-201[b][21]; see Green Tree Servicing, LLC v Vitaliti, 160 AD3d 816, 818; Deutsche Bank Natl. Trust Co. v Webster, 142 AD3d 636, 638).
Here, among the exhibits submitted in support of its motion, the plaintiff submitted a copy of its complaint, to which was attached a copy of the underlying note, indorsed in blank by Wells Fargo, thereby "making the note payable to bearer" (CitiMortgage, Inc. v McKenzie, 161 AD3d at 1041). By thus demonstrating that it was the holder of the note, properly endorsed, at the time the action was commenced, the plaintiff established, prima facie, that it had standing to commence this action (see U.S. Bank N.A. v Duthie, 161 AD3d 809, 811; Wells Fargo Bank, N.A. v Osias, 156 AD3d 942).
Nevertheless, the plaintiff failed to establish, prima facie, that it strictly complied with the notice requirements set forth in RPAPL 1304. "[P]roper service of RPAPL 1304 notice on the borrower or borrowers is a condition precedent to the commencement of a foreclosure action, and the plaintiff has the burden of establishing satisfaction of this condition" (Aurora Loan Servs., LLC v Weisblum, 85 AD3d 95, 106; see Flagstar Bank, FSB v Damaro, 145 AD3d 858, 860). The statute requires that such notice be sent by registered or certified mail, and also by first-class mail, to the last known address of the borrower (see RPAPL 1304[2]). "By requiring the lender or mortgage loan servicer to send the RPAPL 1304 notice by registered or certified mail and also by first-class mail, the Legislature implicitly provided the means for the plaintiff to demonstrate its compliance with the statute, i.e., by proof of the requisite mailing" (Wells Fargo Bank, NA v Mandrin, 160 AD3d 1014, 1016; see Wells Fargo Bank, N.A. v Trupia, 150 AD3d 1049, 1050). "Proof of the requisite mailing is established with proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure" (Wells Fargo Bank, NA v Mandrin, 160 AD3d at 1016; see M & T Bank v Joseph, 152 AD3d 579, 580; Wells Fargo Bank, N.A. v Trupia, 150 AD3d at 1050-1051; Citibank, N.A. v Wood, 150 AD3d 813, 814).
Here, the plaintiff failed to submit an affidavit of service or proof of mailing by the United States Postal Service evidencing that it properly served the defendant pursuant to RPAPL 1304. The plaintiff instead relied on the "Affidavit of Mailing" of a vice president of loan documentation of Wells Fargo. However, the affiant did not aver that she personally mailed the notice, and she did not aver that she was familiar with the plaintiff's mailing practices and procedures, and, therefore, she did not establish proof of a standard office practice and procedure designed to ensure that items are properly addressed and mailed (see U.S. Bank N.A. v Henderson, 163 AD3d 601, 603; Bank of Am., N.A. v Wheatley, 158 AD3d 736, 738; Wells Fargo Bank, N.A. v Lewczuk, 153 AD3d 890, 892). Similarly, the presence of numbered bar codes on the copies of the 90-day statutory notices submitted by the plaintiff did not suffice to establish, prima facie, proper mailing under RPAPL 1304 (see Deutsche Bank Natl. Trust Co. v Heitner, 165 AD3d 1038; Bank of N.Y. Mellon v Zavolunov, 157 AD3d 754, 756; Citibank, N.A. v Wood, 150 AD3d at 814).
Accordingly, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the [*3]defendant, to strike the defendant's answer, and to appoint a referee to compute the amount due and owing to the plaintiff, regardless of the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
In light of our determination, we need not reach the defendant's remaining contentions.
MASTRO, J.P., COHEN, MALTESE and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court