HSBC Bank USA, N.A. v Sawh (2019 NY Slip Op 08556)





HSBC Bank USA, N.A. v Sawh


2019 NY Slip Op 08556


Decided on November 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2017-04167
 (Index No. 704354/13)

[*1]HSBC Bank USA, National Association, etc., respondent,
v
Vishnu Sawh, appellant, et al., defendants.


Maggio & Meyer, Bohemia, NY (Holly C. Meyer of counsel), for appellant.
Sandelands Eyet LLP, New York, NY (Mitchell Zipkin of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Vishnu Sawh appeals from a judgment of foreclosure and sale of the Supreme Court, Queens County (Denis J. Butler, J.), entered February 2, 2017. The judgment of foreclosure and sale, upon an order of the same court dated February 20, 2015, granting the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendant Vishnu Sawh, to strike that defendant's answer, and for an order of reference, and upon an order of the same court dated October 25, 2016, granting the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, directed the foreclosure and sale of the subject property.
ORDERED that the judgment of foreclosure and sale is reversed, on the law, with costs, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Vishnu Sawh, to strike that defendant's answer, and for an order of reference are denied, the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale is denied as academic, and the orders dated February 20, 2015, and October 25, 2016, are modified accordingly.
On January 5, 2007, the defendant Vishnu Sawh (hereinafter the defendant) executed a note in the principal sum of $679,672. The note was secured by a mortgage on certain residential property located in South Ozone Park. The defendant allegedly defaulted by failing to make the monthly payment due on December 1, 2011, and all subsequent payments thereafter.
In 2013, the plaintiff commenced the instant foreclosure action against the defendant, among others. The defendant interposed an answer in which he alleged that the plaintiff failed to comply with RPAPL 1304. The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike his answer, and to appoint a referee to calculate amounts due. In support of the motion, the plaintiff submitted, inter alia, the affidavit of Jerrell Menyweather, an assistant secretary employed by Nationstar Mortgage LLC, the plaintiff's loan servicer.
By order dated February 20, 2015, the Supreme Court granted the plaintiff's motion. Upon completion of the referee's report, the plaintiff moved to confirm the report and for a judgment of foreclosure and sale.
In an order dated October 25, 2016, the Supreme Court granted the plaintiff's motion. On February 2, 2017, the court entered a judgment of foreclosure and sale directing the sale of the subject property. The defendant appeals.
RPAPL 1304(1) provides that, "at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower . . . , including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower." "The statute further provides the required content for the notice and provides that the notice must be sent by registered or certified mail and also by first-class mail to the last known address of the borrower" (Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 20; see RPAPL 1304[2]). "Strict compliance with RPAPL 1304 notice to the borrower or borrowers is a condition precedent to the commencement of a foreclosure action" (Citibank, N.A. v Conti-Scheurer, 172 AD3d at 20; see Citimortgage, Inc. v Banks, 155 AD3d 936, 936-937; HSBC Bank USA, N.A. v Ozcan, 154 AD3d 822, 825-826). "By requiring the lender or mortgage loan servicer to send the RPAPL 1304 notice by registered or certified mail and also by first-class mail, the Legislature implicitly provided the means for the plaintiff to demonstrate its compliance with the statute, i.e., by proof of the requisite mailing, which can be established with proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure" (Citibank, N.A. v Conti-Scheurer, 172 AD3d at 20-21 [internal quotation marks omitted]; see Bank of Am., N.A. v Bittle, 168 AD3d 656, 658; Wells Fargo Bank, NA v Mandrin, 160 AD3d 1014, 1016).
Here, the plaintiff failed to establish, prima facie, that it complied with RPAPL 1304 (see Citibank, N.A. v Conti-Scheurer, 172 AD3d at 21; Wells Fargo Bank, N.A. v Trupia, 150 AD3d 1049, 1050-1051). Although Menyweather stated in his affidavit that the RPAPL 1304 notices were mailed by regular and certified mail, and attached copies of the notices, the plaintiff failed to attach, as exhibits to the motion, any documents establishing that the notices were actually mailed (see Citibank, N.A. v Conti-Scheurer, 172 AD3d at 21; U.S. Bank N.A. v Offley, 170 AD3d 1240, 1242; Wells Fargo Bank, N.A. v Taylor, 170 AD3d 921, 923; Bank of N.Y. Mellon v Zavolunov, 157 AD3d 754, 756). The plaintiff failed to submit a copy of any United States Post Office document indicating that the notice was sent by registered or certified mail as required by the statute (see Citibank, N.A. v Conti-Scheurer, 172 AD3d at 21). Further, although Menyweather attested that he had personal knowledge of the loan servicer's records, and that those records included the records of the prior servicer, Bank of America, Menyweather did not attest to knowledge of the mailing practices of Bank of America, the entity that allegedly sent the 90-day notices to the defendant (see id.; Wells Fargo Bank, N.A. v Moran, 168 AD3d 1128, 1128). Since the plaintiff failed to provide evidence of the actual mailing, or evidence of a standard office mailing procedure designed to ensure that the items were properly addressed and mailed, sworn to by someone with personal knowledge of the procedure, the plaintiff failed to establish its strict compliance with RPAPL 1304 (see Citibank, N.A. v Conti-Scheurer, 172 AD3d at 21).
Because the plaintiff failed to satisfy its prima facie burden with respect to RPAPL 1304, those branches of its motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike that defendant's answer, and for an order of reference should have been denied, regardless of the sufficiency of the defendant's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The defendant's remaining contentions need not be addressed in light of our determination.
MASTRO, J.P., HINDS-RADIX, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court