Mastr Adjustable Rate Mtges. Trust 2007-1 v Joseph (2020 NY Slip Op 04935)





Mastr Adjustable Rate Mtges. Trust 2007-1 v Joseph


2020 NY Slip Op 04935


Decided on September 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2017-07593
 (Index No. 8158/12)

[*1]Mastr Adjustable Rate Mortgages Trust 2007-1, etc., respondent, 
v
Odanie Joseph, appellant, et al., defendants.


Law Office of Maggio & Meyer, PLLC, Bohemia, NY (Holly C. Meyer of counsel), for appellant.
Houser & Allison, APC, New York, NY (Kathleen M. Massimo and Alina Levi of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Odanie Joseph appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated April 17, 2017. The order granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against that defendant, to strike her answer, and for an order of reference, and denied that defendant's cross motion for summary judgment dismissing the complaint insofar as asserted against her.
ORDERED that the order is reversed, on the law, with costs, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Odanie Joseph, to strike her answer, and for an order of reference, are denied, and the cross motion of the defendant Odanie Joseph for summary judgment dismissing the complaint insofar as asserted against her is granted.
In October 2006, the defendant Odanie Joseph (hereinafter the defendant) borrowed the sum of $528,000 from Indy Mac, FSB. The loan was evidenced by a note executed by the defendant. As security for the loan, the defendant also executed a mortgage encumbering certain real property in Brooklyn. In April 2012, the plaintiff commenced this action against the defendant, among others, to foreclose the mortgage. The defendant interposed an answer asserting various
affirmative defenses. Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike her answer, and for an order of reference. The defendant opposed the motion and cross-moved for summary judgment dismissing the complaint insofar as asserted against her. In an order dated April 17, 2017, the Supreme Court granted those branches of the plaintiff's motion and denied the defendant's cross motion. The defendant appeals.
"[P]roper service of RPAPL 1304 notice on the borrower or borrowers is a condition precedent to the commencement of a foreclosure action, and the plaintiff has the burden of establishing satisfaction of this condition" (Aurora Loan Servs., LLC v Weisblum, 85 AD3d 95, 106; see Wells Fargo Bank, N.A. v Trupia, 150 AD3d 1049, 1050). "The statute requires that such notice . . . be sent by registered or certified mail, and also by first-class mail, to the last known address of [*2]the borrower" (Wells Fargo Bank, NA v Mandrin, 160 AD3d 1014, 1016 [internal quotation marks omitted]; see RPAPL 1304[2]; Wells Fargo Bank, N.A. v Trupia, 150 AD3d at 1050).
Here, in support of its motion for summary judgment, the plaintiff submitted, among other things, the affidavit of Kyle Lukas, a Senior Loan Analyst for Ocwen Financial Corporation, the purported parent company of the plaintiff's loan servicer. Lukas averred that a 90-day notice was not required to be sent to the defendant pursuant to RPAPL 1304(3) due to the defendant's bankruptcy filing on August 11, 2009. In addition, while the plaintiff submitted, inter alia, copies of the note and mortgage, the pleadings, and the notice of default, it did not submit any documentation evidencing service of the 90-day notice required by RPAPL 1304. Contrary to the plaintiff's contention, the fact that the defendant previously filed for bankruptcy protection did not relieve the plaintiff of its obligation to send the RPAPL 1304 notice to her prior to commencing the action (see Marchai Props., L.P. v Fu, 171 AD3d 722, 725). Accordingly, since the plaintiff did not demonstrate its strict compliance with the statute, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike her answer, and for an order of reference, regardless of the sufficiency of the opposing papers (see Alvarez v Prospect Hosp., 68 NY2d 320, 324).
In support of her cross motion, the defendant established her prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against her by relying on the evidence submitted by the plaintiff on its motion and by averring in an affidavit that she had not received the required 90-day notice. In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted the defendant's cross motion for summary judgment dismissing the complaint insofar as asserted against her based on the plaintiff's failure to comply with RPAPL 1304 (see Bank of N.Y. Mellon v Forman, 176 AD3d 663; Bank of N.Y. Mellon v Weber, 169 AD3d 981).
In light of our determination, we need not reach the defendant's remaining contentions.
DILLON, J.P., HINDS-RADIX, MALTESE and LASALLE, JJ., concur
ENTER:
Aprilanne Agostino
Clerk of the Court