Deutsche Bank Natl. Trust Co. v Feeney (2020 NY Slip Op 06753)





Deutsche Bank Natl. Trust Co. v Feeney


2020 NY Slip Op 06753


Decided on November 18, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 18, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
LEONARD B. AUSTIN
JOHN M. LEVENTHAL
ROBERT J. MILLER, JJ.


2018-05959
 (Index No. 2934/13)

[*1]Deutsche Bank National Trust Company, etc., respondent,
v
Colleen Feeney, appellant, et al., defendants.


Jeffrey Herzberg, P.C., Hauppauge, NY, for appellant.
Eckert Seamans Cherin & Mellott, LLC, White Plains, NY (Morgan R. McCord of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Colleen Feeney appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Suffolk County (Howard H. Heckman, Jr., J.), entered October 29, 2018. The order and judgment of foreclosure and sale, upon an order of the same court dated October 3, 2016, granting the plaintiff's motion for summary judgment on the complaint insofar as asserted against the defendant Colleen Feeney, striking her answer, and appointing a referee to compute the amount due and owing to the plaintiff, inter alia, confirmed the referee's report and directed the foreclosure sale of the subject property.
ORDERED that the judgment of foreclosure and sale is reversed, on the law, with costs, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Colleen Feeney, to strike her answer, and for an order of reference are denied, and the order dated October 3, 2016, is modified accordingly.
On September 14, 2005, the defendant Colleen Feeney (hereinafter the defendant) executed a note in the amount of $384,000, secured by a mortgage on real property located in Deer Park. On March 24, 2010, the defendant signed a Home Affordable Modification Agreement, which reduced her monthly mortgage payments (hereinafter the HAMP Mortgage).
In January 2013, the plaintiff commenced the instant action to foreclose the mortgage, alleging, inter alia, that the defendant had defaulted under the HAMP mortgage in or about April 2012. The defendant answered the complaint. Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike her answer, and for an order of reference. The defendant opposed the plaintiff's motion, contending, among other things, that the plaintiff had failed to comply with RPAPL 1304.
By order dated October 3, 2016, the Supreme Court granted the plaintiff's motion and appointed a referee. On October 29, 2018, the court entered an order and judgment of foreclosure and sale, among other things, directing the sale of the subject property. The defendant appeals from the order and judgment of foreclosure and sale.
We disagree with the Supreme Court's determination that the plaintiff established [*2]prima facie its compliance with RPAPL 1304. That statute provides that, "at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower . . . , including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower" (RPAPL 1304[1]). Notice must be sent both "by registered or certified mail and also by first-class mail" (RPAPL 1304[2]). "'[P]roper service of RPAPL 1304 notice on the borrower or borrowers is a condition precedent to the commencement of a foreclosure action, and the plaintiff has the burden of establishing satisfaction of this condition" (Wells Fargo Bank, N.A. v Trupia, 150 AD3d 1049, 1050, quoting Aurora Loan Servs., LLC v Weisblum, 85 AD3d 95, 106). "Proof of the requisite mailing is established with proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure" (Wells Fargo Bank, NA v Mandrin, 160 AD3d 1014, 1016).
Here, the plaintiff failed to submit an affidavit from a witness who attested to having personal knowledge of either the actual mailing or "a standard office mailing procedure designed to ensure that items are properly addressed and mailed" (Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 21 [internal quotation marks omitted]; Wells Fargo Bank, NA v Mandrin, 160 AD3d at 1015-1016). Moreover, the records submitted with the plaintiff's motion did not establish as a matter of law that the requisite RPAPL 1304 mailings were completed. A copy of a letter and envelope addressed to the defendant, each bearing a 20-digit number, was insufficient to eliminate all triable issues of fact as to whether the certified mailing actually occurred (see CitiMortgage, Inc. v Osorio, 174 AD3d 496, 498; U.S. Bank N.A. v Offley, 170 AD3d 1240, 1242). Moreover, the plaintiff failed to submit any evidence substantiating the assertions that a second copy of the notice was mailed to the defendant by regular first-class mail, as required by the statute (see RPAPL 1304[2]; Wells Fargo Bank, N.A. v Trupia, 150 AD3d at 1051).
Because "the plaintiff failed to provide proof of the actual mailing, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure, the plaintiff failed to establish its strict compliance with RPAPL 1304," and therefore failed to establish its prima facie entitlement to judgment as a matter of law (Citibank, N.A. v Conti-Scheurer, 172 AD3d at 21; see Bank of Am., N.A. v Bittle, 168 AD3d 656, 658; Wells Fargo Bank, NA v Mandrin, 160 AD3d at 1016).
In view of the foregoing, we do not consider the defendant's remaining contentions.
MASTRO, J.P., AUSTIN, LEVENTHAL and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court