JPMorgan Chase Bank, N.A. v Dedvukaj (2022 NY Slip Op 04541)

JPMorgan Chase Bank, N.A. v Dedvukaj

2022 NY Slip Op 04541

Decided on July 13, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 13, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
SHERI S. ROMAN
JOSEPH J. MALTESE
WILLIAM G. FORD, JJ.

2018-01490
2018-01491
 (Index No. 63611/14)

[*1]JPMorgan Chase Bank, National Association, etc., respondent, 
v
Violeta Dedvukaj, et al., appellants, et al., defendants.

Michael Kennedy Karlson, New York, NY, for appellants.
Morgan, Lewis & Bockius LLP, New York, NY (Brian A. Herman, Randall M. Levine, and Elaine V. Fenna of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants Violeta Dedvukaj and Victor Dedvukaj appeal from (1) an order of the Supreme Court, Westchester County (Mary H. Smith, J.), dated December 7, 2017, and (2) a judgment of foreclosure and sale of the same court dated December 7, 2017. The order granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, and denied the cross motion of the defendants Violeta Dedvukaj and Victor Dedvukaj to dismiss the complaint insofar as asserted against them. The judgment of foreclosure and sale, upon the order, confirmed the referee's report and directed the sale of the subject property.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment of foreclosure and sale is reversed, on the law, the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale is denied, the cross motion of the defendants Violeta Dedvukaj and Victor Dedvukaj to dismiss the complaint insofar as asserted against them is granted, and the order is modified accordingly; and it is further,
ORDERED that one bill of costs is awarded to the defendants Violeta Dedvukaj and Victor Dedvukaj.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment of foreclosure and sale (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 248).
In August 2014, the plaintiff commenced this action against, among others, the defendants Violeta Dedvukaj and Victor Dedvukaj (hereinafter together the defendants) to foreclose a mortgage on certain property located in Harrison. Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer, [*2]and for an order of reference. In order dated April 27, 2017, the Supreme Court granted the plaintiff's motion. In another order, also dated April 27, 2017, the court granted the plaintiff's motion and referred the matter to a referee to compute the amount due to the plaintiff.
Thereafter, the plaintiff moved to confirm the referee's report and for a judgment of foreclosure and sale. The defendants opposed the motion and cross-moved to dismiss the complaint insofar as asserted against them on the ground that the plaintiff failed to strictly comply with RPAPL 1304. In an order dated December 7, 2017, the Supreme Court granted the plaintiff's motion and denied the defendants' cross motion. The court issued a judgment of foreclosure and sale dated December 7, 2017. The defendants appeal.
RPAPL 1304(1) provides that "at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower, . . . including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower." "The statute further provides the required content for the notice and provides that the notice must be sent by registered or certified mail and also by first-class mail to the last known address of the borrower" (Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 20; see RPAPL 1304[2]). Additionally, "[t]he notices required by this section shall be sent by the lender, assignee or mortgage loan servicer in a separate envelope from any other mailing or notice" (RPAPL 1304[2]). Strict compliance with RPAPL 1304 notice to the borrower is a condition precedent to the commencement of a foreclosure action (see Citibank, N.A. v Conti-Scheurer, 172 AD3d at 20; Citimortgage, Inc. v Banks, 155 AD3d 936, 936-937). "A defense based on noncompliance with RPAPL 1304 may be raised at any time during the action" (Wells Fargo Bank, N.A. v Morales, 178 AD3d 881, 882).
In support of their cross motion, the defendants established that the notices served by the plaintiff pursuant to RPAPL 1304 contained additional material in the same envelope as the RPAPL 1304 notice. The copies of the 90-day notice previously submitted by the plaintiff included additional notices not contemplated by RPAPL 1304(2), to wit, a notice pertaining to the rights of a debtor in bankruptcy, a notice to those in military service, and a notice advising customers to beware of any organization that attempts to charge a fee for housing counseling or modification of a delinquent loan (see Bank of Am., N.A. v Kessler, 202 AD3d 10, 19). Since the RPAPL 1304 notice was not "'served in an envelope that was separate from any other mailing or notice'" (Wells Fargo Bank, N.A. v DeFeo, 200 AD3d 1105, 1107, quoting USBank N.A. v Haliotis, 185 AD3d 756, 758-759; see Bank of Am., N.A. v Kessler, 202 AD3d 10), the plaintiff did not strictly comply with RPAPL 1304 (see Wells Fargo Bank, N.A. v DeFeo, 200 AD3d 1105).
Accordingly, the Supreme Court should have denied the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, and should have granted the defendants' cross motion to dismiss the complaint insofar as asserted against them.
The defendants' remaining contention need not be considered in light of our determination.
DUFFY, J.P., ROMAN, MALTESE and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court