U.S. Bank Trust, N.A. v Stewart (2021 NY Slip Op 02123)





U.S. Bank Trust, N.A. v Stewart


2021 NY Slip Op 02123


Decided on April 06, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 06, 2021

Before: Renwick, J.P., Kennedy, Scarpulla, Shulman, JJ. 


Index No. 850292/17 Appeal No. 13542 Case No. 2020-03277 

[*1]U.S. Bank Trust, N.A., etc., Plaintiff-Respondent,
v
Doris E. Stewart, Defendant-Appellant, Commissioner of Jurors, et al., Defendants.


Petroff Amshen LLP, Brooklyn (James Tierney of counsel), for appellant.
Locke Lord LLP, New York (Andrew M. Braunstein of counsel), for respondent.



Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered on or about January 10, 2020, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion to renew, and upon renewal, granted plaintiff's motion for summary judgment and an order of reference, and denied defendant Doris E. Stewart's motion for leave to renew and reargue, unanimously modified, on the law, to deny plaintiff summary judgment, and otherwise affirmed, without costs.
Supreme Court providently exercised its discretion in granting leave to renew, as it appears from the record that US Bank reasonably believed that the language in its de-acceleration notice was clear in its intent to de-accelerate, and was unaware that Supreme Court would require more, i.e., monthly mortgage statements (see Milone v US Bank N.A., 164 AD3d 145, 153 [2d Dept 2018], lv dismissed 34 NY3d 1009 [2019]; see also Bayview Loan Servicing, LLC v Dalal, 184 AD3d 547 [1st Dept 2020]). Nevertheless, US Bank failed to establish compliance with RPAPL 1304, as "[t]he affidavit of mailing, by a person who did not personally do the mailing but relied on his knowledge of his employer's office practices, does not demonstrate the affiant's familiarity with his employer's mailing practices and procedures with respect to notices of default" (HSBC Bank USA, N.A. v Gifford, 161 AD3d 618, 618 [1st Dept 2018]). While the 90-day notice included in the record on appeal reflected numbered bar codes, the numbers did not establish independent proof of the actual mailing (see Citibank, N.A. v Wood, 150 AD3d 813, 814 [2d Dept 2017]). Additionally, defendant did not establish entitlement to summary judgment, as issues of fact exist regarding the claimed nonreceipt of the 90-day notice.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 6, 2021